CECYLIA M. DOYLE *v.* EDWIN J. KULESZA
(12030)

PETERS, C. J., HEALEY, DANNEHY, SANTANIELLO and CALLAHAN, Js.

102

Argued June 5—decision released August 6, 1985

*Henry C. Ide,* for the appellant (plaintiff).

*Michael A. Georgetti,* for the appellee (defendant).

DANNEHY, J. In this action the plaintiff sought to compel a reconveyance of a one-half interest in land which she had conveyed to the defendant, or in the alternative, a conveyance of the property to her children, a finding as to the validity of an alleged trust deed, equitable relief and an accounting. In his answer, the defendant denied all of the material facts alleged in the complaint and by way of counterclaim claimed absolute ownership of the land. The trial court, *Kremski, J.,* rendered judgment for the defendant on the complaint and on the counterclaim. The plaintiff appealed.

Two claims of error are pursued in the plaintiff's brief: (1) whether the trial court's judgment is supported by sufficient evidence; and (2) whether the trial court erred in one of its rulings on evidence. With regard to the latter, the plaintiff's brief does not conform to the requirement of Practice Book § 3060F (d) (3)

that the pertinent question, ground of objection, answer, if any, and any exception be set forth. *Southern Connecticut Gas Co.* v. *Housing Authority,* 191 Conn. 514, 523 n.5, 468 A.2d 574 (1983). Disregarding this technical but entirely conclusive answer to this claim of error, we find that the record does not show that the ground of objection now urged was urged in the trial court.[1] So far as appears, it is raised for the first time in this court and we do not consider it. Practice Book § 3063.

The facts in this case are not in serious dispute. The plaintiff is the sister of the defendant. In September, 1959, the plaintiff successfully negotiated to buy land in Goshen. On October 16, 1959, title to the Goshen land was conveyed by the then owner to the plaintiff and the defendant as joint tenants with right of survivorship. At the time of the conveyance each paid $1500 toward the consideration, and as part of the purchase price they executed a mortgage for $8250. From the time they acquired the land in 1959 until 1962 they contributed equally to the payments for taxes and amortization of the mortgage. On June 26, 1963, the plaintiff released her interest in the premises by quitclaim deed to the defendant. This was done, as expressed in the deed, "for divers good causes and consideration thereunto moving, especially for One (1) Dollar and other valuable considerations received to [the plaintiff's] full satisfaction of the [defendant], Trustee." Since that time, the defendant has paid the taxes, mortgage

---

[1] On appeal, the plaintiff claims that the trial court improperly considered as evidence of title a document introduced into evidence by the defendant allegedly for the limited purpose of showing the plaintiff's intent to revoke a trust agreement. At trial, the plaintiff offered a general objection to the admission of the document based upon relevancy. The trial court overruled the objection and admitted the document, without limitation, as a full exhibit. The plaintiff now claims, for the first time, that the document should not have been considered as evidence of title because it violates the statute of frauds. See General Statutes § 52-550.

installments and all other expenses. On January 5, 1965, the plaintiff signed a memorandum which she prepared at the defendant's request wherein she "confirm[ed] a verbal agreement" whereby the plaintiff sold and the defendant purchased her interest in the Goshen property "at the same price which we paid for same."[2]

The trial court decided that the defendant did not hold the land in trust for the plaintiff's children. A further conclusion of the court was that on June 26, 1963, the plaintiff made an absolute conveyance of the property to the defendant. The plaintiff contends that these conclusions are not supported by the evidence, and we are asked to change the finding made by the trial court.

A written memorandum of decision constitutes part of the record in this case. The findings of fact included in the memorandum of decision are based in the main on oral testimony. The plaintiff did not file a motion requesting the trial judge to amend the factual basis of his opinion or to make a further articulation of his decision on the issues in the case. Practice Book § 3082. We therefore consider the trial court's findings in light of the provision of Practice Book § 3060D that this court will not reverse or modify the decision of a trial court unless we determine that the decision is clearly erroneous in view of the evidence and pleadings in the whole record.

---

[2] The memorandum provided as follows:

"January 5, 1965

"To Whom it may concern:

"This is to confirm a verbal agreement made on or about January 4, 1962 between myself (Cecylia Doyle) and my brother Edwin J. Kulesza.

"This agreement is that all monies given to me or paid directly by Edwin J. Kulesza, for Goshen property mortgage, taxes, interest etc; including future payments (1965) or payments on a note to the Burritt Mutual Savings Bank and $250.00 given me to pay attorney McNamara is not regarded as a loan but that he, E. J. Kulesza is buying out my interest in this Goshen property at the same price which we paid for same.

" /s/ Cecylia Doyle"

One of the most frequently quoted definitions of the words "clearly erroneous" was stated in *United States* v. *United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948): "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." In applying the clearly erroneous standard to the findings of a trial court, we keep constantly in mind that our function is not to decide factual issues de novo. Our authority, when reviewing the findings of a judge, is circumscribed by the deference we must give to decisions of the trier of fact, who is usually in a superior position to appraise and weigh the evidence. See *Zenith Radio Corporation* v. *Hazeltine Research, Inc.*, 395 U.S. 100, 123, 89 S. Ct. 1562, 23 L. Ed. 2d 129 (1969). The question for this court under § 3060D is not whether it would have made the findings the trial court did, but whether in view of the evidence and pleadings in the whole record it is left with the definite and firm conviction that a mistake has been committed.

The gist of the plaintiff's complaint is that she conveyed her interest in the real estate by quitclaim deed to the defendant for the purpose of preventing her sister from acquiring that interest by attachment. There is no allegation of fraud, accident or mistake. It is alleged that when the deed was executed, it was agreed by the parties that the defendant would keep the property, in trust, for the use and benefit of the plaintiff's children. While the evidence is conflicting, there is not only direct evidence of a contrary agreement made by the parties but evidence of the plaintiff's admission to the same effect. The credibility to be accorded the several witnesses thus became the decisive factor in the lawsuit. The trial court's finding makes it clear that it rejected the testimony of the plaintiff and her wit-

nesses, essential to her case, but did accept that of the defendant. The trial court found that the plaintiff, upon a valuable consideration acknowledged to have been received, conveyed her entire interest in the property to the defendant. This determination of a question of fact we cannot disturb. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 220, 435 A.2d 24 (1980).

We conclude that the findings made by the trial court are not clearly erroneous within the meaning of Practice Book § 3060D. The trial court's failure to find the existence of a trust for the plaintiff's children, coupled with its conclusion that the land was absolutely conveyed to the defendant, are fully supported by the subordinate facts.

There is no error.

In this opinion the other judges concurred.