SOMERS VILLAGE, INC. *v.* TESTA
EXCAVATING COMPANY, INC.
(5002)

BORDEN, DALY and BIELUCH, Js.

Submitted on briefs January 9—decision released February 24, 1987

*Mark F. Katz* filed a brief for the appellant (defendant).

*William J. Hennessey, Jr.,* and *Jevera N. Kaye* filed a brief for the appellee (plaintiff).

BORDEN, J. The defendant appeals from a judgment of the trial court, rendered in the Danbury judicial district, granting the plaintiff's application to reduce the amount of the defendant's mechanic's lien filed on the plaintiff's property located in Danbury. The sole issue on appeal is whether the court properly denied the defendant's motion to dismiss the plaintiff's application. We find no error.

The facts are undisputed. By a complaint dated January 10, 1986, and returnable on January 21, 1986, to the Stamford-Norwalk judicial district, the plaintiff sued the defendant for breach of a contract pursuant to which the defendant had agreed to perform exca-

vation and construction work on the plaintiff's property located in Danbury. Both the plaintiff and the defendant are corporations doing business in Stamford. On January 15, 1986, the defendant filed a mechanic's lien in Danbury against the plaintiff's property. On February 13, 1986, the defendant filed an answer to the plaintiff's complaint in the Stamford action, and a counterclaim for foreclosure of its mechanic's lien.

Meanwhile, on February 11, 1986, after the filing of the defendant's mechanic's lien but before the filing of its counterclaim for foreclosure of that lien, the plaintiff presented to the clerk of court for the Danbury judicial district an application to discharge or reduce the defendant's mechanic's lien pursuant to General Statutes § 49-35a (a).[1] It is the court's actions with respect to this application that gave rise to this appeal.

The Danbury clerk assigned the application for a hearing in early March, 1986. Prior to the hearing on the plaintiff's application but after the filing of the defendant's counterclaim for foreclosure of the lien in the Stamford action, the defendant in this case moved to dismiss the plaintiff's application on the ground that the pending counterclaim in Stamford for foreclosure of the lien was a prior pending action and that "the Court is without jurisdiction to hear Plaintiff's application other than in the original pending action now

---

[1] General Statutes § 49-35a (a) provides in pertinent part: "Whenever one or more mechanics' liens are placed upon any real estate . . . the owner of the real estate, if no action to foreclose the lien is then pending before any court, may make application, together with a proposed order and summons, to the superior court for the judicial district in which the lien may be foreclosed under the provisions of section 51-345 . . . that a hearing or hearings be held to determine whether the lien or liens should be discharged or reduced. The court or judge shall thereupon order reasonable notice of the application to be given to the lienor or lienors named therein and . . . shall set a date or dates for the hearing or hearings to be held thereon."

proceeding in the Judicial District of Stamford/Norwalk." The court denied the motion to dismiss and, after an evidentiary hearing, granted the plaintiff's application to reduce the defendant's lien. The defendant appealed from the final judgment of the court reducing the lien. See General Statutes § 49-35c (a).

The defendant does not challenge the action of the court in reducing the lien. The defendant claims only that the court in Danbury erred in hearing the plaintiff's application because "jurisdiction" to hear such an application was lodged solely in the Stamford-Norwalk judicial district, where the defendant's counterclaim for foreclosure of the lien was pending at the time of the hearing. The defendant argues that its counterclaim for foreclosure of the mechanic's lien was properly filed in the Stamford-Norwalk judicial district pursuant to General Statutes § 49-39,[2] and that General Statutes § 51-345 (b)[3] does not apply to a counterclaim to foreclose a mechanic's lien. Therefore, the defendant argues, the plaintiff's application could be heard only in the Stamford-Norwalk judicial district because at the time of the application and hearing thereon an action for the foreclosure of the lien was pending in that court. We disagree.

We need not decide in this case whether there is a conflict between General Statutes § 51-345 (b); see footnote 3, supra; and General Statutes § 49-39; see foot-

---

[2] General Statutes § 49-39 provides in pertinent part that a "mechanic's lien shall not continue in force for a longer period than one year after the lien has been perfected, unless the party claiming the lien commences an action to foreclose it, by complaint, cross-complaint or counterclaim . . . . "

[3] General Statutes § 51-345 (b) provides in pertinent part that "[i]n all actions . . . to foreclose . . . liens upon real property, civil process shall be made returnable to the judicial district where the real property is located . . . "

note 2, supra; where foreclosure of a mechanic's lien is sought by way of a counterclaim, and, if so, which would prevail. Nor need we decide whether the judicial forum for the foreclosure of a mechanic's lien is, as the defendant claims, a matter of subject matter jurisdiction or, as the plaintiff claims, a matter of venue.

Assuming arguendo that the defendant's counterclaim for foreclosure of the lien was properly filed in Stamford, and that the proper location of such a foreclosure implicates jurisdiction rather than venue, we conclude nonetheless that the trial court in this case correctly interpreted General Statutes § 49-35a (a). See footnote 1, supra. This proceeding does not involve the foreclosure of a mechanic's lien. It involves an application to discharge or reduce such a lien.

On February 11, 1986, when the plaintiff made its application, there was no counterclaim pending for foreclosure of the mechanic's lien. That counterclaim was not filed until February 13, 1986. On February 11, 1986, there was, therefore, "no action to foreclose the lien . . . then pending before any court . . . ." General Statutes § 49-35a (a). On that date the plaintiff did precisely what General Statutes § 49-35a (a) permitted, namely, to "make application, together with a proposed order and summons, to the superior court for the judicial district in which the lien may be foreclosed under the provisions of section 51-345 . . . ." Since the lien was filed in Danbury against property located there, the Danbury judicial district was a "judicial district in which the lien may be foreclosed under the provisions of section 51-345." General Statutes § 49-35a (a). Thus, the plaintiff's application was brought to the proper location. The defendant's subsequent filing of its counterclaim in Stamford could not deprive the Danbury

court of either venue or jurisdiction over the plaintiff's properly filed application.[4]

There is no error.

In this opinion the other judges concurred.

---

[4] The defendant also purports to claim error in what it perceives as a ruling of the trial court that the foreclosure counterclaim pending in Stamford must be brought in Danbury. Despite some loose language in the court's oral memorandum of decision, we do not read this record as containing any such order. The Stamford case was not before the court, except by way of certified copies of the complaint and counterclaim as exhibits on the motion to dismiss, and its decision in this case was confined to the defendant's motion to dismiss the plaintiff's application.