HELEN F. GACH *v.* ANN FRANOLICH ET AL.
(2747)

BORDEN, SPALLONE and BIELUCH, Js.

Argued February 3—decision released May 12, 1987

*Bruce W. Diamond,* with whom, on the brief, was *Brian P. Borghesi,* for the appellant (plaintiff).

*Thomas F. McDermott, Jr.,* for the appellees (named defendant et al.).

BIELUCH, J. The plaintiff, owner and operator of a beauty salon, brought this multi-faceted action against two former employees alleging that they misappropriated certain claimed trade secrets and customer lists when they left the plaintiff's employ. The issues were tried to the court which rendered judgment for the defendants.[1] From that judgment, the plaintiff has appealed, claiming that the trial court erred (1) in failing to determine whether the plaintiff's list of clients' names, addresses and hair treatment formulas were trade secrets, (2) in finding that the plaintiff had not established by a preponderance of the evidence that her confidential clients' files and records were taken, copied or otherwise used competitively by the defendants before and after leaving her employ, (3) in finding that the plaintiff had not established by a preponderance of the evidence that the defendants had solicited the business of the plaintiff's clients, (4) in failing to find whether the plaintiff was entitled to relief under any of her claims, and (5) in denying the plaintiff's motion to compel discovery. We find no error.

The facts as found by the trial court in its memorandum of decision are as follows: The plaintiff has owned and operated the Colonial Beauty Centre in Thomaston since 1961. Ann Franolich had been in the plaintiff's

---

[1] The substituted complaint also named the owner and operator of Peg's Hair Shop, Margaret Sudol and Shirley Quinn, respectively, as defendants in this action, alleging that as competitors they had induced Franolich and Mancini to leave the plaintiff's employ. The claims against Sudol and Quinn were subsequently withdrawn.

As used in this opinion, the term defendants refers only to Franolich and Mancini.

employ since about April 2, 1974. Melissa Mancini had been in the plaintiff's employ since about June 12, 1976. There was no written agreement of employment between the plaintiff and the defendants.

In June 1978, the defendants terminated their employment with the plaintiff and went to work for Peg's Hair Shop, another beauty salon in Thomaston. This change was precipitated by the defendants' unhappiness in working for the plaintiff. On August 24, 1978, the plaintiff commenced this action against the defendants. The substituted complaint asserts three separate and distinct causes of action against the defendants based upon breach of contract, appropriation of the plaintiff's property rights, and unfair trade practices.

The matter was tried to the court which, after considering all the evidence, found that the plaintiff had not established by a preponderance of the evidence that the defendants had taken or copied any records or had solicited the plaintiff's customers. The court rendered judgment for the defendants and the plaintiff appealed.

The plaintiff's first claim is that the trial court erred in failing to determine whether the plaintiff's customer lists and hair treatment formulas constituted trade secrets. See *Town & Country House & Homes Services, Inc.* v. *Evans,* 150 Conn. 314, 318–20, 189 A.2d 390 (1963). The court, however, found it unnecessary to make a specific determination on this issue because it found that the plaintiff had failed to establish that the customer lists or hair treatment formulas were taken or copied. Any specific determination of the customer lists and hair formulas as trade secrets, therefore, was immaterial to the court's decision. Consequently, this question is not a proper issue for our appellate review. See, e.g., *Lonergan* v. *Connecticut Food Store, Inc.,* 168 Conn. 122, 134, 357 A.2d 910 (1975).

The plaintiff's second claim alleges that the court erred in finding that she failed to establish by a preponderance of the evidence that customer lists and hair treatment formulas were taken, copied or otherwise used competitively against her by the defendants. Whether such records were taken or the information improperly used against the plaintiff is, of course, an issue of fact which was properly submitted to the trial court as the trier of fact in this case.

On appeal from such a finding, our duty as an appellate court is well established: "An appeal based on the sufficiency of evidence to support a factual finding carries a legal and practical restriction to review. The function of an appellate court is to review, and not to retry, the proceedings of the trial court. The scope of review is delineated in Practice Book § 4061 (formerly § 3060D) as follows: 'The [appellate] court may reverse or modify the decision of the trial court if it determines that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that the decision is otherwise erroneous in law.' . . . ' "We cannot retry the facts or pass upon the credibility of the witnesses." *Johnson* v. *Flammia,* 169 Conn. 491, 497, 363 A.2d 1048 (1975) . . . .' *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 220, 435 A.2d 24 (1980); *Cook* v. *Nye,* 9 Conn. App. 221, 224, 518 A.2d 77 (1986). . . . [Nor do we] examine the record to determine whether the judge or trier of fact could have made a finding other than the one made. Instead, we first determine whether there is evidence to support the finding. If not, the finding is clearly erroneous. Even if there is evidence to support it, however, a finding is clearly erroneous if 'in view of the evidence and pleadings in the whole record [this court] is left with the definite and firm conviction that a mistake has been committed.' *Doyle* v. *Kulesza,* 197 Conn. 101, 105, 495

A.2d 1074 (1985)." *Buddenhagen* v. *Luque,* 10 Conn. App. 41, 44–45, 521 A.2d 224 (1987).

Our review of the record in this case demonstrates that the issue of whether confidential information was misappropriated was highly contested with both parties presenting evidence in support of their respective claims. From the conflicting evidence presented by the parties, which need not be recited here, it is apparent that the issue was decided on the basis of the credibility of the witnesses, and that the trial court found the defendants' evidence more credible. We find that the trial court's factual finding was supported by the evidence, and, in view of the evidence and pleadings as a whole, we are not convinced that the trial court's finding was in error.

The plaintiff's third claim challenges the court's finding that the plaintiff had not established that the defendants had solicited the plaintiff's clients. Again, our review of the record demonstrates that there was evidence to support the respective positions of both parties, and the dispositive issue was one of credibility. We find from the record before us that the court's factual conclusion was not clearly erroneous. See *Buddenhagen* v. *Luque,* supra, 45.

The plaintiff's fourth claim alleges that the court erred in failing to determine whether the plaintiff was entitled to relief under any of her claims as set forth in her substituted complaint. We note at the outset that the plaintiff's substituted complaint does not comply with the requirements of Practice Book § 138 in that it fails to set out each cause of action in a separate count. "Where separate and distinct causes of action, as distinguished from separate and distinct claims for relief founded on the same cause of action or transaction, are joined, the statement of the second shall be prefaced by the words *Second Count,* and so on for the

others; and the several paragraphs of each count shall be numbered separately beginning in each count with the number one." (Emphasis in original.) Practice Book § 138. The plaintiff's substituted complaint contains three separate and distinct causes of action based upon breach of contract, appropriation of the plaintiff's property rights, and unfair trade practices. A detailed review of the allegations contained in the substituted complaint establishes that each separate and distinct cause of action was dependent upon a finding that (1) the defendants had taken or copied the plaintiff's customer lists or trade secrets, or (2) that the defendants solicited the plaintiff's customers. The plaintiff's failure to prove either element by a preponderance of the evidence was fatal to all of her causes of action.

The plaintiff's final claim is that the court erred in denying her motion to compel discovery. She claims that had the court granted her motion to compel discovery, the answers to the questions propounded would have enabled the plaintiff to produce additional evidence to substantiate her claims for relief. We have examined the plaintiff's interrogatories, the defendants' answers and the plaintiff's motion to compel discovery, which the court denied without articulation. "The granting or denial of a discovery request rests in the sound discretion of the court." *Standard Tallow Corporation* v. *Jowdy,* 190 Conn. 48, 57, 459 A.2d 503 (1983). From our review here, we conclude that the trial court did not abuse its discretion in denying the plaintiff's motion.

There is no error.

In this opinion the other judges concurred.