## GILBERT KELMAN ET AL. *v.* ZAIDA MCDONALD, TRUSTEE
### (7888)

DUPONT, C. J., O'CONNELL and HEIMAN, Js.

Argued January 7—decision released April 9, 1991

*Alan G. Schwartz,* with whom were *Joseph Leibowicz* and *Albert L. Harlow,* for the appellant (defendant).

*Wesley W. Horton,* with whom was *Robert M. Shields, Jr.,* for the appellees (plaintiffs).

HEIMAN, J. The defendant appeals from the judgment rendered by the trial court quieting and settling the title to certain real property in the plaintiffs. The property in question is located in the Stony Creek section of Branford. Although the defendant alleges four separate issues in this appeal, the questions raised actually constitute but a single issue, that is whether the trial court's conclusion is supported by the evidence. We conclude that it is, and, consequently, we affirm the trial court's judgment.

The facts found by the trial court are as follows. The disputed property is a small triangular piece of land, constituting a portion of a dock or wharf, located on the east side of the plaintiffs' parcel. The land owned by the plaintiffs and that owned by the defendant are contiguous. The plaintiffs' parcel, known as 16 Halls Point Road, lies west of the defendant's parcel, known as 10 Halls Point Road. The plaintiffs acquired title to their property by administrator's deed in 1973. The defendant's property has been in the McDonald family since 1914. Neither the deed by which the plaintiffs obtained title to their land, nor the deed by which the defendant's predecessors in title obtained title to their property, contains an accurate recital of the east-west boundary line between the two parcels. To quiet title to the disputed piece of land, the court resorted to an examination of the circumstances surrounding the respective conveyances. The trial court reviewed maps, surveys, assessor's records and other pieces of objective evidence. The court also conducted a view of the premises. Among other things, the evidence showed that from 1973, when the plaintiffs acquired title to their property, through 1987 the triangular parcel of land in question was assessed to the plaintiffs, and that the plaintiffs had paid the real estate taxes associated

with the parcel during each of these years. From these facts, exhibits, and view, the trial court concluded that the plaintiffs had established their title to the disputed land by a fair preponderance of the evidence. The court further concluded that the defendant had not sustained the burden of establishing her claim of adverse possession of the land by clear and positive proof as required by law; see *Clark* v. *Drska,* 1 Conn. App. 481, 484, 473 A.2d 325 (1984); and rendered judgment for the plaintiffs.

The four issues raised by the defendant in her appeal all have a common theme, that is, that each issue attacks the factual conclusions the trial court drew from the evidence before it.

The trial court heard a number of witnesses over a nine day trial, examined approximately seventy-three exhibits offered into evidence by the parties, and received voluminous posttrial briefs. In an exhaustive and well reasoned memorandum of decision, the trial court concluded that "the more credible testimony sustains the plaintiffs' burden of proof," and that the defendant had failed to sustain her burden of proof on her claim of adverse possession.

Where the claim is that the evidence produced did not satisfy the burden of proof factually, the duty of an appellate court is well established. " 'An appeal based on the sufficiency of evidence to support a factual finding carries a legal and practical restriction to review. The function of an appellate court is to review, and not to retry, the proceedings of the trial court. . . .' " *Gach* v. *Franolich,* 10 Conn. App. 677, 680, 525 A.2d 525 (1987). Further, we are authorized to reverse or modify the decision of the trial court only if we determine that the factual findings "are clearly erroneous in view of the evidence and pleadings in the whole record, or that its decision is otherwise erroneous

in law." Practice Book § 4061. It is, however, not our function to retry the case or to pass upon the credibility of witnesses. *Johnson* v. *Flammia,* 169 Conn. 491, 497, 363 A.2d 1048 (1975).

"In a case tried before a court, the trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony." *Kimberly-Clark Corporation* v. *Dubno,* 204 Conn. 137, 153, 527 A.2d 629 (1987). In reviewing the trial judge's factual findings, we give the evidence the most favorable reasonable construction in support of the judgment. *Gorra Realty, Inc.* v. *Jetmore,* 200 Conn. 151, 160, 510 A.2d 440 (1986). " ' "A factual finding may be rejected by this court only if it is clearly erroneous." ' " *Kimberly-Clark Corporation* v. *Dubno,* supra, 154.

The defendant also attacks the court's treatment of the testimony of certain expert witnesses. The testimony of expert witnesses is subject to the rule that their credibility and the weight to be accorded to their testimony " ' "are within the province of the trier of facts, who is privileged to adopt whatever testimony he reasonably believes to be credible." ' " (Citations omitted.) *Transportation Plaza Associates* v. *Powers,* 203 Conn. 364, 378, 525 A.2d 68 (1987); *Ratner* v. *Willametz,* 9 Conn. App. 565, 583, 520 A.2d 621 (1987).

" 'We do not examine the record to determine whether the trier of fact could have reached a conclusion other than the one reached. Rather, we focus on the conclusion of the trial court, as well as the method by which it arrived at that conclusion to determine whether it is legally correct and factually supported.' " *Lukas* v. *New Haven,* 184 Conn. 205, 208, 439 A.2d 949 (1981).

As noted above, the trial court's memorandum of decision reflects the fact that the court viewed the

premises before rendering its decision. " ' "We have consistently held that the visual observations made by the trier on a visit to the property are as much evidence as the evidence presented for his consideration by the witnesses under oath. . . ." ' " *Kelly* v. *Ivler,* 187 Conn. 31, 50, 450 A.2d 817 (1982). Evidence obtained by visual inspection is not subject to appellate review. *Lupinacci* v. *Planning & Zoning Commission,* 153 Conn. 694, 700, 220 A.2d 274 (1966).

It is often stated that a finding is clearly erroneous " 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Doyle* v. *Kulesza,* 197 Conn. 101, 105, 495 A.2d 1074 (1985). We conclude that such is not the case here.

The court's legal and factual conclusions are not clearly erroneous because they are supported by the facts set forth in its memorandum of decision, and the subordinate facts are amply supported by the evidence. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221-22, 435 A.2d 24 (1980).

The judgment is affirmed.

In this opinion the other judges concurred.