[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANT, JOAN C. URSINI'S MOTION TO DISMISS AND TO DISCHARGE MECHANIC'S LIEN
The plaintiff's complaint in this action for foreclosure of a mechanic's lien is dated November 21, 1990 and was served on the named defendant (hereafter the defendant), on December 20, 1990. Paragraph 14 of the complaint alleges that the plaintiff filed a certificate of lien with the town clerk of the town of Plymouth on November 30, 1989, pursuant to section49-34 of the General Statutes which prescribes the procedures for perfecting a mechanic's lien.
The principal ground for the defendant's motion to dismiss is that the plaintiff's failure to commence this action within one year after the filing of the certificate of lien invalidates CT Page 3505 the mechanic's lien and deprives the court of subject matter jurisdiction. The plaintiff's claim is that the statutory time limitation does not apply under the circumstances of this case because the defendant property owner had filed an application for reduction or discharge of the lien pursuant to section 49-35a of the General Statutes on January 12, 1990, which was heard on February 26, 1990, but which had not been ruled upon by the court prior to the expiration of the one year period for commencing a foreclosure action under section 49-39
of the General Statutes.
Section 49-39 provides as follows:
 A mechanic's lien shall not continue in force for a longer period than one year after the lien has been perfected, unless the party claiming the lien commences an action to foreclose it, by complaint, cross-complaint or counterclaim, and records a notice of lis pendens in evidence thereof on the land records of the town in which the lien is recorded within one year from the date the lien was recorded or within sixty days of any final disposition of an appeal taken in accordance with section 49-35c, whichever is later. Each such lien, after the expiration of the one-year period or sixty-day period, as the case may be, without action commenced and notice thereof filed as aforesaid, shall be invalid and discharged as a matter of law.
The plaintiffs argument as stated in his brief (p. 13) is that "a lienor's rights to foreclose cannot expire when a decision is pending on the application to discharge because the lienor is unaware of what rights of foreclosure it possesses until the decision of the court is issued."
When a statute provides that an action must be "commenced" or "brought" within a certain time, it means that service of the writ upon the defendant must be made before the required period of time has elapsed. Lacasse v. Burns, 214 Conn. 464,475-76. Under Connecticut law the statutory time period for the commencement of an action to foreclose a mechanic's lien is a limitation upon the right as well as upon the remedy, so that if suit is not brought on such liens within the time limited by the statute, they "are no longer in force; as liens they have ceased to exist." Persky v. Puglisi, 101 Conn. 658,666. CT Page 3506
The legislative purpose in enacting section 49-39 was "to clear the title to the premises unless an action of foreclosure is brought within the time limited for the continuance of the lien", and the statute does not permit the court "to extend the lien of one who has failed to seize his opportunity by filing" a complaint, cross-complaint, or counterclaim. Id. Its provisions are expressly designed to permit a lienor to get an expedited trial of his foreclosure action if he brings it within the one year period mandated by the statute. Connecticut166 Conn. 255, 264.
An application to discharge or reduce a mechanic's lien under section 49-35a and an action to foreclose a mechanic's lien under section 49-39 are separate and distinct proceedings. See Somers Village, Inc. v. Testa Excavating Co.,10 Conn. App. 45, 49. The initiation of either type of action does not prevent the independent prosecution of the other by the adverse party. Id.
The fact that the property owner has filed an application to discharge the lien does not toll the statutory requirement under section 49-39 that the lienor must commence an action within one year and his failure to do invalidates the lien. Forge Square Associates Limited Partnership v. P M Mason Contractors, Inc., 1 Conn. L. Rptr. 258 (1990). Accordingly, a judge's ruling on the issue of probably cause for a mechanic's lien in a proceeding commenced by the property owner to discharge or reduce it is neither a condition precedent to, or a substitute for, an action to foreclose the mechanic's lien by the lienor. Id. 259.
For the foregoing reasons, the defendant's motion to dismiss this action for lack of subject matter jurisdiction is granted, and the court having found the lien to be invalid, it is discharged as a matter of law pursuant to General Statutes section 49-35a(2)(c).
Hammer, J.