CONNECTICUT NATIONAL BANK *v.*
DEWEY BROWDER, JR., ET AL.
(11214)

DALY, HEIMAN and SCHALLER, Js.

---

Argued January 13—decision released March 30, 1993

*Colone L. Pearson,* for the appellants (named defendant et al.).

*Marc A. Krasnow,* for the appellee (plaintiff).

SCHALLER, J. The defendants Dewey Browder, Jr., and Carolyn Browder[1] appeal from a judgment of foreclosure by sale of a judgment lien. They claim that the trial court (1) misapplied the standard of proof in determining whether their special defense was proven and (2) improperly rendered judgment of foreclosure without evidence of the judgment lien. We affirm the judgment of the trial court.

The trial court reasonably could have found the following facts. The plaintiff brought an action against the defendants based on nonpayment of a loan and, in 1974, obtained a judgment against them in the amount of $4526.50. The plaintiff subsequently filed a judgment lien against the defendants' real estate. The defendants made ten payments totaling $1660 toward the balance owing on the judgment. They made six of the payments directly to the plaintiff's attorney. A sheriff

---

[1] Only the defendant property owners are involved in this appeal. We will refer to them in this opinion as the defendants.

collected the four other payments and turned them over to the plaintiff's attorney. Neither the plaintiff nor its counsel received any further payments from the defendants. As a result, the defendants failed to satisfy the debt owed on the 1974 judgment.

In 1988, the plaintiff brought the current foreclosure action against the defendants. In response, the defendants filed a special defense asserting that they had discharged the debt owed on the 1974 judgment pursuant to a wage execution involving the named defendant's former employer, Pitney Bowes. After a hearing on the matter, the trial court in an oral decision rejected the defendants' special defense and rendered judgment of foreclosure by sale. This appeal followed.

## I

The defendants claim that the trial court misapplied the correct standard of proof when assessing the viability of their special defense. The defendants concede that the trial court properly recited the applicable standard of proof, namely proof by a preponderance of the evidence. They insist, however, that the trial court in effect held them to a higher standard. The defendants claim, therefore, is tantamount to a challenge to the findings underlying the trial court's judgment, specifically the finding that they failed to establish their special defense by a preponderance of the evidence.

We note at the outset that the trial court orally rendered its decision after hearing evidence on the matter. The trial court neither issued a written memorandum nor signed a transcript of its oral decision. Although not fully complying with Practice Book § 4059,[2] the court

[2] Practice Book § 4059 provides in pertinent part: "[W]hen rendering judgments in trials to the court . . . the court shall, either orally or in writing, state its decision on the issues in the case and, if there are factual issues, the factual basis of its decision. The court shall include in its decision its conclusion as to each claim of law raised by the parties. If oral, the deci-

did issue a detailed statement of its findings and conclusions in connection with its decision. Because the court's decision is sufficiently detailed and concise we will review the defendants' claim so as not to "exalt form over substance . . . ." *State* v. *Rios,* 30 Conn. App. 712, 714, 622 A.2d 618 (1993); see *State* v. *Rivera,* 30 Conn. App. 224, 225 n.1, 619 A.2d 1146 (1993).

The viability of the defendants' first claim hinges on the application of the clearly erroneous standard. A reviewing court "may reverse or modify the decision of the trial court if it determines that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that the decision is otherwise erroneous in law." Practice Book § 4061; *Doyle* v. *Kulesza,* 197 Conn. 101, 105, 495 A.2d 1074 (1985). It is axiomatic that it is not the function of a reviewing court to retry the facts and gauge the credibility of witnesses. *Kelman* v. *McDonald,* 24 Conn. App. 398, 401, 588 A.2d 667 (1991).

In this case, the trial court found that the defendants failed to sustain their burden of proving by a fair preponderance of the evidence the full payment of an outstanding debt. This finding was adequately supported by the record as a whole. The defendants argue that their evidence conclusively established that a wage execution discharged the debt. This position is unpersuasive for several reasons.

First, the defendants never established that the wage execution was actually served on the employer. While there was evidence of a letter directing the sheriff to

---

sion shall be recorded by a court reporter and, if there is an appeal, the trial judge shall order the decision transcribed and the transcript of the decision shall be signed by the trial judge and filed in the trial court within ten days of the filing of the appeal. If written, the decision shall be stated in a memorandum of decision, which shall be filed with the clerk."

serve a wage execution on the employer, a personnel manager from the employer testified that "there is no evidence in our payroll or personnel files to say that any kind of wage garnishment was ever issued on Dewey Browder." The record thus amply supports the trial court's finding that the employer had not relinquished sufficient funds to discharge the outstanding debt.

The second flaw in the defendants' argument is that, even if we assume that the wage execution was served on the employer, the evidence failed to establish that the execution fully discharged the debt. In fact, the only evidence suggesting that the entire debt was satisfied came from the testimony of the defendant Dewey Browder who testified that his wages were garnished for four or five years. On the other hand, the payment history as set forth by the plaintiff's evidence reveals that funds were received in ten installments over a two and one-half year period totaling $1660. It is clear that the trial court was entitled to discredit the defendants' testimony and rely on the more detailed evidence submitted by the plaintiff. See *Kelman* v. *McDonald,* supra. Thus, the court, applying the correct standard of proof, properly found that the defendants' special defense was not proven. We conclude that the trial court's findings were adequately supported by the record and that the court's decision was not erroneous in law. See Practice Book § 4061.

## II

The defendants next claim that the trial court improperly rendered judgment of foreclosure without proof of the existence of the underlying judgment lien. The defendants' contention is predicated on the fact that the plaintiff failed to enter the judgment lien into evidence during the course of the hearing. We find no merit in this claim.

While testifying, the defendant Dewey Browder clearly admitted the existence of the judgment lien. The following colloquy between Dewey Browder and his attorney reveals the admission:

"Mr. Pearson: And you discovered that you couldn't get a loan because *there was a lien on your property*?

"Mr. Browder: Right.

"Mr. Pearson: And Mr. Krasnow [plaintiff attorney's] name showed up on the land records as the person who had placed the lien on the house?

"Mr. Browder: Right.

"Mr. Pearson: And that was in 1988 or 1989. Did you then have discussions with Mr. Krasnow's office?

"Mr. Browder: Yes, I did. I wanted him to take, you know, like why wasn't *that lien* off now, out of the records. . . .

"Mr. Pearson: Did you get any indication from Mr. Krasnow as to why the lien had not been removed, did he discuss that with you?

"Mr. Browder: Well, he said that he didn't get all his money, all of the money. He only received like $1,600.00. . . ." (Emphasis added.)

"A judicial admission dispenses with the production of evidence by the opposing party as to the fact admitted, and is conclusive upon the party making it. It may take the shape of a formal stipulation, or may be informal, as where a party upon the witness stand unequivocally concedes a fact for the purpose of the trial." (Citations omitted; internal quotation marks omitted.) *Real Estate Auctions, Inc.* v. *Senie,* 28 Conn. App. 563, 572, 611 A.2d 452 (1992). An admission operates to bind real parties in interest whose interests are similar to those of the declarant. *Christie* v. *Eager,* 129 Conn.

62, 65, 26 A.2d 352 (1942); 2 B. Holden & J. Daly, Connecticut Evidence (1988) § 101b.

In the course of testimony, the defendants acknowledged the existence of a judgment lien on their real property. Furthermore, the reference to the name of the plaintiff's attorney as appearing on the land records adequately established the existence of the specific lien now at issue. It is thus disingenuous for the defendants to contend now that a judgment lien never existed. We conclude that the testimony of the defendant Dewey Browder conceding the existence of the lien at issue dispensed with the necessity for production of evidence by the plaintiff as to the fact admitted and is conclusive upon the defendants.[3]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] Additionally, the plaintiff's attorney sought to have the trial court take judicial notice of the judgment lien. At the conclusion of the hearing, plaintiff's counsel presented the court with a certified copy of the lien and the following interaction between counsel and the court ensued.

"Mr. Krasnow: I have a certified copy of our judgment lien which I don't believe is in the file—

"The Court:—All right—

"Mr. Krasnow:—which would require—

"The Court—I think it was in the pleadings.

"Mr. Krasnow: Okay."

In fact, the plaintiff had filed a copy of the lien along with its complaint.

There is no question that the better course would have been for plaintiff's counsel to introduce the judgment lien into evidence. Still, the claim asserted by the defendants is that no lien existed. This assertion finds no support in the record and squarely contradicts the defendant Dewey Browder's testimony. Accordingly, we find no merit in the defendants' claim that the plaintiff failed to establish the existence of the judgment lien.