[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 25, 1997
The action underlying this motion to dismiss is an application by Griswold Rubber Company, Inc. to discharge a mechanic's lien placed on the applicant's property by the respondent, Conn. Concrete Co., Inc. The applicant moves to dismiss the respondent's counterclaim for monetary damages and foreclosure of the lien.
On August 3, 1996, the applicant commenced this proceeding, under G.S. § 49-35a, to discharge the mechanic's lien encumbering its property. On February 5, 1997, the respondent-lienor filed an answer and counterclaim. The counterclaim seeks money damages and a foreclosure of the mechanic's lien. The applicant contends that no counterclaims can be filed in a proceeding to discharge a mechanic's lien under § 49-35a. The court agrees.
The parties cite no appellate cases squarely addressing this issue. While the court's research similarly finds no precedent directly on point, the case of Somers Village, Inc. v. TestaExcavating Co., 10 Conn. App. 45 (1987), sheds some light in this area. In that case, a property owner sued a contractor for damages arising from breach of contract. The contractor had placed a mechanic's lien on the plaintiff's property and filed a counterclaim in the contract case seeking to foreclose the lien. In a separate proceeding under § 49-35a, the property owner applied for discharge or reduction of the amount of the mechanic's lien. The lienor moved to dismiss the § 49-35a
proceeding claiming that that action was preempted by the lienor's filing of the counterclaim to foreclose the lien in the pending contract action. The trial court rejected this argument and eventually reduced the amount of the lien. The Appellate Court affirmed this decision holding that a proceeding under § 49-35a to discharge or reduce a mechanic's lien is not one involving foreclosure of the lien. Id., 49. Because the application to discharge a mechanic's lien is independent of a proceeding to foreclose such a lien, neither action affected the viability of maintaining the other. CT Page 2240
There exists a trial court decision directly on point. InBaxter v. Quoka, Superior Court, Ansonia-Milford J.D., d.n. CV90-31911, 3 CONN. L. RPTR. 425 (April 13, 1991), Judge Curran held that "a counterclaim may not be filed in an application to discharge or reduce a mechanic's lien." The court founded its ruling, in part, on the observation that G.S. § 49-35b(b), which enumerates the courses of action available to the court when considering an application to discharge or reduce a mechanic's lien under § 49-35a, omits reference to granting foreclosure of the lien. This court concurs that § 49-35b(b) limits the outcomes available to the trial court under a § 49-35a
proceeding to the granting or denying of the discharge or reduction or the substitution of a bond for the lien.
In contrast, in an action to foreclose a mechanic's lien, the property owner is specifically permitted to file a motion in that action to discharge the lien. G.S. § 49-35a(c). No reciprocal provision exists permitting the converse. The absence of such a similar provision implies that the legislature intended an action to discharge a mechanic's lien under § 49-35a to be used solely to resolve the issue of discharge, reduction, or bond substitution.
The court concludes that a proceeding to discharge a mechanic's lien under § 49-35a precludes counterclaims for monetary damages and foreclosure of the lien. The motion to dismiss the counterclaim is granted.
Sferrazza, J.