STEPHEN NIKITUK ET AL. *v.* FIELD COMPANY BUILDERS, LLC
(AC 27999)

DiPentima, McLachlan and Lavine, Js.

Submitted on briefs January 4—officially released March 25, 2008

*Paul D. Buhl* filed a brief for the appellant (defendant).

*Richard Bruno* filed a brief for the appellees (plaintiffs).

*Opinion*

PER CURIAM. The defendant, Field Company Builders, LLC, appeals from the judgment of the trial court confirming the arbitrator's award in favor of the plaintiffs, Stephen Nikituk and Cassandra Nikituk. The defendant claims that the court improperly confirmed the award because (1) the arbitrator calculated the plaintiffs' damages on the basis of an improper application of the law and (2) the arbitrator awarded excessive attorney's fees.[1] We affirm the judgment of the trial court.

---

[1] The defendant failed to brief adequately his claim regarding the excessive attorney's fees and, therefore, has abandoned that claim. See *Rosier* v. *Rosier*, 103 Conn. App. 338, 340 n.2, 928 A.2d 1228 ("We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Where the parties cite no law and provide no analysis of their claims, we do not review such claims." [Internal quotation marks omitted.]), cert. denied, 284 Conn. 932, 934 A.2d 247 (2007).

The following facts and procedural history are relevant to the defendant's claims. On approximately December 19, 2002, the plaintiffs entered into a contract with the defendant to perform remodeling work, including the installation of hardwood flooring, in the plaintiffs' residence located in Madison. After the project had been completed and the plaintiffs had paid the $21,500 contract price for the work, a dispute arose between the parties regarding the quality of the installation of the flooring by the defendant.

Pursuant to the terms of the parties' agreement, the plaintiffs sought to arbitrate their claim. On March 4, 2004, the plaintiffs filed an application to compel arbitration and an order to show cause, pursuant to General Statutes § 52-410. After a series of delays in the proceedings, on September 19, 2005, the court, *Agati, J.,* granted the plaintiffs' application to compel arbitration and on October 7, 2005, appointed an arbitrator to arbitrate the plaintiffs' claim.

The arbitrator heard the plaintiffs' claim on February 24 and March 3, 2006, and issued his decision on March 20, 2006, awarding the plaintiffs $25,305.85. The plaintiffs filed an application to confirm the arbitrator's award, pursuant to General Statutes § 52-417.[2] The defendant objected and filed a motion to vacate the award, alleging, inter alia, that the arbitrator disregarded the law in his calculation of damages.[3] After a hearing on May 1, 2006, the court, *Brunetti, J.,* orally denied the defendant's motion to vacate the arbitration

---

[2] General Statutes § 52-417 provides in relevant part: "The court or judge shall grant . . . an order confirming [an arbitration] award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419."

[3] The defendant filed a motion to vacate or modify the arbitration award but did not allege any of the grounds for modification or correction pursuant to General Statutes § 52-419. Accordingly, we construe the defendant's motion as a motion to vacate the arbitration award pursuant to General Statutes § 52-418.

award and granted the plaintiffs' application to confirm the award.[4] After the court denied the defendant's motion to reargue, the defendant filed this appeal.

In its motion to vacate, and on appeal, the defendant claims that the arbitrator egregiously misapplied the law by improperly including in his calculation of damages the cost of an upgrade in the quality of the materials used to repair the plaintiffs' floor. Where, as in this case, the submission to arbitration is unrestricted, our Supreme Court has recognized three grounds for vacating an award: "(1) the award rules on the constitutionality of a statute . . . (2) the award violates clear public policy . . . or (3) the award contravenes one or more of the statutory proscriptions of [General Statutes] § 52-418." (Citations omitted.) *Garrity* v. *McCaskey*, 223 Conn. 1, 6, 612 A.2d 742 (1992). The defendant's claim here concerns only the latter exception. Pursuant to § 52-418 (a) (4), the court may vacate an arbitration award "if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."[5]

"[A]n award that manifests an egregious or patently irrational application of the law is an award that should

---

[4] We note that the trial court did not file a signed transcript of its decision confirming the arbitration award. See Practice Book § 64-1 (a). The defendant was obligated, therefore, to provide an adequate record for review by notifying this court that a signed transcript of the court's oral decision had not been filed. See Practice Book §§ 61-10 and 64-1 (b). Instead, the defendant provided an unsigned transcript of the May 1, 2006 hearing. We have on occasion reviewed an appellant's claims in light of an unsigned transcript as long as that transcript contains a sufficiently detailed and concise statement of the trial court's findings. See *Connecticut National Bank* v. *Browder*, 30 Conn. App. 776, 778–79, 622 A.2d 588 (1993); cf. *New Haven Savings Bank* v. *Mongillo*, 67 Conn. App. 799, 802, 789 A.2d 547 (2002). We address the merits of the defendant's claims because the court's findings and legal reasoning are revealed in the unsigned transcript provided by the defendant.

[5] On appeal, the defendant does not claim any of the three other grounds for vacating the arbitration award pursuant to General Statutes § 52-418.

be set aside pursuant to § 52-418 (a) (4) because the arbitrator has exceeded [his] powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. We emphasize, however, that the manifest disregard of the law ground for vacating an arbitration award is narrow and should be reserved for circumstances of an arbitrator's extraordinary lack of fidelity to established legal principles. . . .

"In *Garrity* [v. *McCaskey*, supra, 223 Conn. 8–9, our Supreme Court] adopted the test enunciated by the United States Court of Appeals for the Second Circuit in interpreting the federal equivalent of § 52-418 (a) (4). . . . The test consists of the following three elements, all of which must be satisfied in order for a court to vacate an arbitration award on the ground that the arbitration panel manifestly disregarded the law: (1) the error was obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator; (2) the arbitration panel appreciated the existence of a clearly governing legal principle but decided to ignore it; and (3) the governing law alleged to have been ignored by the arbitration panel is well defined, explicit, and clearly applicable." (Internal quotation marks omitted.) *Cheverie* v. *Ashcraft & Gerel*, 65 Conn. App. 425, 438–39, 783 A.2d 474, cert. denied, 258 Conn. 932, 785 A.2d 228 (2001).

The defendant has not satisfied the first two prongs of the *Garrity* test. The arbitrator, in his written decision, clearly and correctly stated the law with respect to the calculation of damages and properly awarded damages on the basis of the plaintiffs' cost to repair the defective flooring. The court, after the May 1, 2006 hearing, found "no evidence of what the actual damages should or should not have been . . . other than what the arbitrator awarded . . . ." After thoroughly reviewing the

record in this case, we agree with the court. Accordingly, the defendant has failed to demonstrate that the arbitrator showed a manifest disregard of the law in his calculation of damages.

The judgment is affirmed.