AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, COUNCIL 4, LOCAL 1303-119 *v.* TOWN OF EAST HAVEN ET AL.
(AC 28343)

Bishop, Lavine and Borden, Js.

Argued April 25—officially released July 15, 2008

*J. William Gagne, Jr.,* with whom was *Kimberly A. Cuneo,* for the appellant (plaintiff).

*Susan M. Wright,* with whom, on the brief, were *David A. Ryan, Jr.,* and *Holly Quackenbush Darin,* for the appellee (named defendant).

*Opinion*

BISHOP, J. The plaintiff, the American Federation of State, County and Municipal Employees, Council 4, Local 1303-119, appeals from the judgment of the trial court denying its application to vacate an arbitration award rendered by the defendant state board of mediation and arbitration (board) in favor of the defendant town of East Haven (town). On appeal, the plaintiff claims that the court improperly concluded that the arbitration award conformed to the submission and was not a result of a manifest disregard for the law. We affirm the judgment of the trial court.

The record discloses the following facts and procedural history relevant to our discussion of the issues on appeal. On January 29, 2003, the town decided to call in employees to plow and sand town roads because of icy conditions. The town called in four employees for the overtime work: a dispatcher, a supervisor, a heavy equipment operator and a truck driver. After the

heavy equipment operator loaded one truck with sand, the supervisor directed him to load a second truck and then, rather than calling in a second truck driver, directed the heavy equipment operator to drive the second truck and sand the roads. Under the terms of the town's collective bargaining agreement with the plaintiff, a heavy equipment operator, classified as a grade seven position, earns slightly more per hour than a truck driver, whose position is classified as a grade six. The job description of a heavy equipment operator includes operating a snow plow as well as performing activities "largely determined by seasonal considerations" of which "snow removal [is] a major operation during the winter months." The job description of a truck driver includes operating "a variety of trucks with or without plow attachments" and plowing snow. The town fully compensated all employees in accordance with their grades for the overtime work.

The plaintiff filed a grievance, claiming that the town violated the collective bargaining agreement by directing the heavy equipment operator to drive the sanding truck instead of calling in a second truck driver. The grievance resulted in arbitration before the board. The parties submitted the following issue to the arbitration panel: "Did the Town of East Haven violate Article V of the 1998-2002 [collective bargaining agreement] by not filling overtime within classification first? If so, what shall the remedy be?"[1] After a hearing, the board

---

[1] The sections of article V of the collective bargaining agreement, which describe the relationship between classification and overtime, are: "IN CLASS OVERTIME. In class overtime is overtime offered in an employee's specific classification (for example, a laborer working as a laborer or an operator working as an operator). In class overtime will be offered to the employee with the lowest amount of overtime hours within his or her specific classification. When in class overtime exists, the employee with lowest hours will be offered the next available overtime (for example, if an overtime assignment is scheduled to begin at 7:00 a.m. and another is to begin at 8:00 a.m., the employee with the lowest hours will be offered the 7:00 a.m. assignment. In the event that more than one (1) assignment is scheduled for the same time, the employee with the lowest hours will be offered the

issued its award denying the grievance and concluding that the town did not violate article V of the 1998-2002 collective bargaining agreement.

The plaintiff filed an application to vacate the arbitration award, claiming that the board exceeded its powers and prejudiced the plaintiff's rights through misconduct, and that the award is against public policy. The court denied the application, noting: "The decision of the arbitration panel conforms to the submission. See *State* v. *AFSCME, AFL-CIO, Council 4, Local 2663*, 257 Conn. 80, 85, 777 A.2d 169 (2001)." On May 14, 2007, the plaintiff timely filed a motion for articulation, requesting, inter alia, that the court explain whether the court found that the board had exceeded its authority.[2] In its articulation, the court stated that the board

assignment, which is expected to offer the most hours). When employees have an equal number of hours, the most senior employee will be offered the next available overtime.

"OUT-OF-CLASS OVERTIME. Out-of-class overtime is overtime which requires an employee to work in a classification different than the employee's regular classification (for example, a laborer who is required to work as a mechanic or a mechanic who is required to drive). This overtime will be offered to the employee with the lowest amount of total overtime (in class plus out-of-class equals total). In order to be offered out-of-class overtime, the employee not only must have low hours but also must be qualified to perform the duties, which are required during the overtime."

[2] In addition to asking the court to clarify whether it found that the arbitration board exceeded its authority, the plaintiff's motion for articulation also requested that the court articulate whether it (1) found that the arbitration board had the authority to excuse a violation of the collective bargaining agreement, (2) found that there was a violation of article V of the 1998-2002 collective bargaining agreement, (3) found that the arbitration board excused a violation of the collective bargaining agreement by stating in its memorandum: "The town should, in the future, make every effort to comply with the specific requirements of the contract by calling in enough individuals to perform their specific duties, i.e., truck drivers should operate trucks and heavy equipment operators should operate heavy equipment," (4) found that the arbitration award violates public policy and (5) examined the arbitrators' memorandum in considering whether the award demonstrated infidelity to the arbitrators' obligations. The court explained, in its ruling on the motion for articulation, that these claims were insufficiently analyzed for review and, further, that they were legally irrelevant.

did not exceed its authority because the award conformed to the submission. The plaintiff subsequently sought review of the court's articulation with this court. The review was granted but the relief requested was denied. This appeal followed.

Our analysis is guided by the well established principles concerning review of arbitration awards. The standard of review relative to arbitration awards depends on the nature of the submission and the challenge. In this case, although the court did not explicitly find that the submission was unrestricted, it cited the standard of review for unrestricted submissions in its ruling on the motion for articulation. As the parties do not dispute this issue on appeal, and "[a] submission is unrestricted unless otherwise agreed by the parties"; (internal quotation marks omitted) *Industrial Risk Insurers* v. *Hartford Steam Boiler Inspection & Ins. Co.*, 258 Conn. 101, 112, 779 A.2d 737 (2001); we conclude that the submission is unrestricted.

"With a voluntary, unrestricted submission to an arbitrator . . . the court may examine the submission and the award to determine only whether the award conforms to the submission. . . . In making such a comparison when the submission is unrestricted, the court will not review the evidence or legal questions involved, but is bound by the arbitrator's legal and factual determinations. . . . When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. . . .

"Certain conditions do exist, however, under which we conduct a more searching review of arbitral awards. In *Garrity* v. *McCaskey*, 223 Conn. 1, 6, 612 A.2d 742 (1992), our Supreme Court reiterated that there are three grounds for vacating an award when the submission is unrestricted. These grounds arise when the

award (1) rules on the constitutionality of a statute, (2) violates clear public policy or (3) contravenes one or more of the statutory proscriptions of General Statutes § 52-418." (Citations omitted; internal quotation marks omitted.) *AFSCME, Council 4, Local 1565* v. *Dept. of Correction,* 107 Conn. App. 321, 325–26, 945 A.2d 494 (2008). Section 52-418 (a) (4) provides that an arbitration award shall be vacated if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award on the subject matter submitted was not made. "[A] claim that the arbitrators have 'exceeded their powers' may be established under § 52-418 in either one of two ways: (1) the award fails to conform to the submission, or, in other words, falls outside the scope of the submission; or (2) the arbitrators manifestly disregarded the law." *Harty* v. *Cantor Fitzgerald & Co.,* 275 Conn. 72, 85, 881 A.2d 139 (2005).

The plaintiff claims that the board exceeded its powers both because the award does not conform to the submission and exhibits a manifest disregard for the law. We address the former claim first. "Generally, any challenge to an award pursuant to General Statutes [§ 52-418 (a) (4)] on the ground that the arbitrators exceeded or imperfectly performed their powers is properly limited to a comparison of the award with the submission. . . . If the award conforms to the submission, the arbitrators have not exceeded their powers." (Internal quotation marks omitted.) *Exley* v. *Connecticut Yankee Greyhound Racing, Inc.,* 59 Conn. App. 224, 228, 755 A.2d 990, cert. denied, 254 Conn. 939, 761 A.2d 760 (2000). In this case, we conclude that the board appropriately responded to the submission and did not exceed its authority.

The plaintiff also claims that the board exceeded its authority by manifestly disregarding the law.[3] In support

---

[3] The plaintiff separately claims that the award was internally inconsistent and failed to draw its essence from the contract. These claims are simply

of its claim, the plaintiff cites the following excerpt from the award: "The town should, in the future, make every effort to comply with the specific requirements of the contract by calling in enough individuals to perform their specific duties, i.e., truck drivers should operate trucks and heavy equipment operators should operate heavy equipment. Since the town inadvertently failed to call in sufficient truck drivers during the evening in question, it was not a contract violation to utilize the heavy equipment operator to drive the truck." The plaintiff argues that this excerpt is a tacit acknowledgement that the town violated the collective bargaining agreement and that the board chose to ignore the violation in a manifest disregard for the law. We disagree.

"[T]he manifest disregard of the law ground for vacating an arbitration award is narrow and should be reserved for circumstances of an arbitrator's extraordinary lack of fidelity to established legal principles. . . . In *Garrity* [v. *McCaskey*, supra, 223 Conn. 8–9, our Supreme Court] adopted the test enunciated by the United States Court of Appeals for the Second Circuit in interpreting the federal equivalent of § 52-418 (a) (4). . . . The test consists of the following three elements, all of which must be satisfied in order for a court to vacate an arbitration award on the ground that the arbitration panel manifestly disregarded the law: (1) the error was obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator; (2) the arbitration panel appreciated the existence of a clearly governing legal principle but decided to ignore it; and (3) the governing law alleged to have been ignored by the arbitration panel is well defined, explicit, and clearly applicable." (Internal quotation marks omitted.) *Nikituk* v. *Field Co. Builders, LLC*, 106 Conn. App. 558, 561, 942 A.2d 554 (2008).

variations of the claim that the arbitrators exceeded their authority and do not warrant separate analysis.

Upon application of these principles to the current case, we conclude that the court properly denied the application to vacate the arbitration award. The plaintiff has failed to satisfy the first *Garrity* element, which is that the arbitrator's alleged error was obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator. In this case, the board concluded that the town acted properly by filling the subject overtime position according to classification as set forth in the collective bargaining agreement. In so doing, the board determined that directing the heavy equipment operator to drive the truck was consistent with his job description, which included operating snow plow equipment and snow removal during the winter months. The duties cited by the board are indeed contained within the heavy equipment operator's job description. Therefore, the board's conclusion that driving a sanding truck to deice slippery roads is a function included in the heavy equipment operator's job description was reasonable. When viewed in the context of the award as a whole, the excerpt of the award that the plaintiff relies on can more soundly be interpreted as an admonishment of the town for its lack of foresight in failing to anticipate the number and classification of employees required for the overtime work and not as an acknowledgment by the board that its award was contrary to the terms of the collective bargaining agreement. Consequently, we do not conclude that the board exhibited a manifest disregard for the law in fashioning its award.

The judgment is affirmed.

In this opinion the other judges concurred.