TOWN OF WOODSTOCK *v.* GERALD WILLIAMS ET AL.
(2364)

TESTO, DUPONT and BORDEN, Js.

Argued December 7, 1983—decision released April 10, 1984

*Wesley W. Horton,* with whom was *Thomas H. Fanning,* for the appellants (defendants).

*Robert J. Kelleher,* for the appellee (plaintiff).

BORDEN, J. The plaintiff, the town of Woodstock, sued to enjoin the defendants from continuing to park an independent trailer on their land in violation of an ordinance regulating the parking of trailers. The defendants admitted all of the allegations of the complaint except that they had placed an independent trailer on their land. In a counterclaim they asserted, in effect, that the structure on their land was not a trailer within the meaning of the ordinance but was, instead, a prefabricated or modular home designed for use and being occupied as a permanent residence. They sought, inter alia, to enjoin the plaintiff from having them removed. The plaintiff, in effect, denied the essential allegations of the counterclaim except that the defendants occupied the structure on their land as a permanent residence, which was admitted. The trial court concluded that the defendants' structure is an independent trailer within the meaning of the ordinance, and rendered judgment for the plaintiff on the counterclaim and on the complaint, enjoining the defendants from continuing to park the trailer on their land and ordering them to remove it forthwith. The defendants appealed.[1] We find no error.

The admitted portions of the complaint and the trial court's memorandum of decision established the follow-

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

ing undisputed facts. The plaintiff's ordinance pertaining to trailers adopted pursuant to General Statutes § 7-148, provides that the term "trailer" is used for brevity as designating a trailer coach and mobile home interchangeably. It defines "trailer coach or mobile home" to mean "any vehicle designed or constructed to permit its use upon the public streets or highways and also as a dwelling or sleeping place occupied by one or more persons, whether such vehicle is designed as a trailer, trailer coach, or mobile home." It defines an independent trailer as "a trailer which has a toilet, bathtub, or shower which are connected to a sewage disposal system." Section IV of the ordinance, which regulates the parking of independent trailers, requires, inter alia, a license for such parking which is good for one year and is renewable for an additional one year on a showing by the licensee of evidence of permanent dwelling construction apart from the trailer. The defendants had a one year license which expired and has not been renewed.

The defendants, as their only claim of error, seek to persuade us that the court erred in finding that their structure was a trailer within the meaning of the ordinance because General Statutes (Rev. to 1981) § 7-148 (22) makes an implicit distinction between a trailer and a mobile home.[2] The gist of this argument is that, because of that distinction, because the defendants' home here is a mobile home and not a trailer and because the statute regulates mobile homes only when they are located in mobile home parks, the town had

_____

[2] General Statutes (Rev. to 1981) § 7-148 (22), in effect at the time of the trial, provided in relevant part that any town which does not have a local zoning commission may "regulate and provide for the licensing of parked trailers, when located off the public highways, and trailer parks and mobile home parks . . . ." This section is now found in General Statutes § 7-148 (c) (7) (iv).

no authority to regulate mobile homes, such as that of the defendants, which are not located within such parks.

An examination of the record discloses, however, that this claim was not made in the trial court. The defendants at oral argument urged us to decide this question, nonetheless, claiming that the record was complete enough for such a determination and that the issue was fully briefed by both parties. The plaintiff acquiesced in this urging by the defendants.

We decline, however, to decide the question because of the inadequate and confused state of the record on this issue. First, the transcript indicates that at the trial the defendants sought to persuade the court that their structure was *not* a mobile home but was, instead, a "home."[3] Nor did anything in the pleadings alert the trial court to this claim. Indeed, the defendants admitted that part of the complaint which alleged that the ordinance was enacted pursuant to General Statutes § 7-148, and their counterclaim did not raise this issue in any way. To permit them now to reverse gears would be to countenance appeal "by ambuscade of the trial judge." *State* v. *Wilson*, 178 Conn. 427, 436, 423 A.2d 72 (1979). Second, despite the defendants' assertions, we find the record factually inadequate for us to say with confidence that the defendants' structure is a "mobile home" as opposed to a "trailer." Even if we assume, arguendo, that, as the defendants claim, the statute distinguished between the two, there are no findings concerning the nature of this structure's attachment to the land, other than that it is attached to a sewage disposal system; the issue of that attachment to the land was not undisputed; the defendants did not ask the trial court to articulate its decision fur-

---

[3] Counsel for the defendants addressed the trial court as follows: "You know my primary object. We are attempting to establish a home as opposed to a mobile home."

ther; and that factual issue may have some bearing on whether a particular structure is a trailer or a mobile home. See, e.g., *Fedorich* v. *Zoning Board of Appeals*, 178 Conn. 610, 617–18, 424 A.2d 289 (1979); *Hartland* v. *Jensen's, Inc.*, 146 Conn. 697, 704, 155 A.2d 754 (1959). Under these circumstances we decline to consider this claim of error. *Mazur* v. *Blum*, 184 Conn. 116, 120, 441 A.2d 65 (1981).

There is no error.

In this opinion the other judges concurred.