## Iris W. Lord *v.* Eleftherios Stavrakis
## (3475)

Hull, Daly and Bieluch, Js.

Submitted on briefs November 15, 1985—decision released February 4, 1986

*Robert J. Guendelsberger* and *James F. McKenna* filed a brief for the appellant-appellee (defendant).

*Antoinette E. Grenier* and *Ann Fisher* filed a brief for the appellee-appellant (plaintiff).

Per Curiam. The plaintiff instituted this action to recover money loaned to the defendant on several occasions, most often for the purchase of real estate and once for the purchase of a ring. The defendant counterclaimed alleging that certain real estate purchased by him was conveyed to the plaintiff solely to secure payment of a loan, and was to be reconveyed to him upon the performance of certain conditions. The court rendered judgment for the plaintiff on the complaint in the amount of $45,872.58 including interest, and on the counterclaim, finding that the defendant had not proven a resulting trust by clear and convincing evidence.[1] The defendant appeals the court's judgment on

---

[1] The plaintiff cross appealed, attempting to raise the sole issue of whether the court erred by modifying its judgment to give the defendant credit for certain interest payments made on one of the loans involved in the case. Since the factual bases of the court's modification were not spelled out,

his counterclaim, claiming principally that the court erred in failing to find that a resulting trust had been created in his favor by his conveyance of the real estate to the plaintiff.

"A resulting trust arises 'by operation of law at the time of a conveyance when the purchase money for property is paid by one party and the legal title is taken in the name of another.' *Farrah* v. *Farrah,* 187 Conn. 495, 500, 446 A.2d 1075 (1982). It 'arises to enforce presumed or inferred intent, usually in the absence of any element of fraud . . . .' *Zack* v. *Guzauskas,* [171 Conn. 98, 103, 368 A.2d 193 (1976)]." *Spatola* v. *Spatola,* 4 Conn. App. 79, 82, 492 A.2d 518 (1985).

A resulting trust is not, however, automatic in such circumstances. Rather, "[t]he presumed intent from which the law infers a trust may be rebutted by proof of contrary intent." (Citations omitted.) *Farrah* v. *Farrah,* supra, 500. "In deciding whether the property was wrongfully appropriated or retained and what the intent of the parties was at the time of the conveyance, the court [must] rely upon its impression of the credibility of the witnesses. 'Intent is a question of fact, the determination of which is not reviewable unless the conclusion drawn by the trier is one which could not reasonably be drawn.' *Whitney* v. *Whitney,* 171 Conn. 23, 33, 368 A.2d 96 (1976)." *Spatola* v. *Spatola,* supra, 82. We have reviewed the facts as found by the court and conclude that the court reasonably could have decided as it did.

we decline to consider this matter. The plaintiff did not file a motion under Practice Book § 3082 to have the trial court's decision on the motion to modify articulated. "Since the [plaintiff] has failed to supply a record presenting the trial court's rationale, as is his burden, we are disinclined to view as clearly erroneous the trial court's determination . . . ." *Steve Viglione Sheet Metal Co.* v. *Sakonchick,* 190 Conn. 707, 714, 462 A.2d 1037 (1983).

The defendant raised two other issues in his appeal. We have reviewed those claims and find them to be without merit. They require no further discussion.

There is no error.