JOHN K. SARADJIAN *v.* MARTIN L. SARADJIAN ET AL.
(9704)

DALY, LANDAU and HEIMAN, Js.

Argued May 28—decision released August 6, 1991

*Ridgely W. Brown,* with whom, on the brief, was *Heather M. Brown,* for the appellant-appellee (named defendant).

*Melvin J. Silverman,* for the appellee-appellant (plaintiff).

HEIMAN, J. The defendant[1] appeals from the judgment of the trial court declaring that certain real property held in the names of the plaintiff and the late mother of both the plaintiff and the defendant was subject to a resulting trust in favor of the plaintiff to the extent of one half of the late mother's one-half interest in the property. The plaintiff has cross appealed.

In his appeal, the defendant claims that the trial court improperly (1) imposed a resulting trust in favor of the plaintiff when the only evidence of or permissible inference regarding the decedent's intent was that the decedent intended to make a testamentary transfer, (2) imposed a resulting trust where the plaintiff failed to make a timely claim to the decedent's estate as required by General Statutes § 45-205, and in light of the plaintiff's inconsistent acts in attempting to purchase the full interest in the property from the estate, (3) awarded equitable relief to the plaintiff even though, inter alia, he had been removed as a fiduciary of his mother's estate because he had a conflict of interest, did not have clean hands, was guilty of laches, and did not specifically request equitable relief as required by the rules of practice, and (4) considered the action where the liquidation and sale of the real property made subject to the resulting trust was necessary to meet probate, tax and administration expenses.

In his cross appeal the plaintiff asserts that the court incorrectly found that his failure to present a claim to

---

[1] The original defendants were Martha Vorperian and Martin L. Saradjian. Martha Vorperian is not a party to this appeal. As used herein, the term defendant refers to only Martin L. Saradjian. The defendant, Martin L. Saradjian, is coexecutor of the estate of the parties' late mother.

the estate for antemortem expenditures made by him for the benefit of his mother barred him from recovering those expenditures because of the statute of nonclaim, General Statutes § 45-205. We affirm the judgment of the trial court.

The facts, as found by the trial court, which were not substantially in dispute, are as follows. The plaintiff and Zarouhi Saradjian, the mother of the plaintiff and the defendant, purchased a piece of residential real estate located at 175 North Stamford Road, Stamford, in August, 1968. The deed to the property conveyed an undivided one-half interest to each grantee without the right of survivorship. The plaintiff paid 75 percent of the purchase price and Zarouhi Saradjian paid 25 percent. After the acquisition of this property, the plaintiff paid all real estate taxes, insurance charges, costs of maintenance and improvements on the property. No agreement existed between the plaintiff and his cotenant as to the disposition of her interest in the property upon her death. Zarouhi Saradjian died on January 23, 1987, leaving a will that had been executed in 1962. The plaintiff did not present a claim against the estate claiming an equitable interest in the property or claiming reimbursement for his expenditures.

The trial court concluded that the plaintiff failed to satisfy his burden of proving an express agreement between himself and his mother, but concluded that the mother's one-half interest in the real property was subject to a resulting trust on one half of her title interest. The trial court further concluded that the plaintiff's equitable claim for a resulting trust was not barred by the statute of nonclaim, but that his claim for reimbursement of expenditures was barred under that statute for his failure to present the claim to the estate.

## I

## THE DEFENDANT'S APPEAL

### A

The defendant first asserts that the trial court incorrectly imposed a resulting trust where the only evidence or permissible inference from the evidence of the intent of the decedent was that she intended to make a testamentary transfer. We do not agree.

When property has been acquired and maintained under circumstances that make it inequitable for the holder of the legal title to retain the entire beneficial interest, equity converts him into a trustee. *Cohen* v. *Cohen,* 182 Conn. 193, 201, 438 A.2d 55 (1980). The parties would, under these circumstances, share the property in proportion to the contribution of each to the purchase price. See *Fox* v. *Shanley,* 94 Conn. 350, 359, 109 A. 249 (1920). " 'When the purchase money for property is paid by one and the legal title is taken in the name of another, a resulting trust ordinarily arises at once, by operation of law, in favor of the one paying the money. . . .' " *Cohen* v. *Cohen,* supra. The party seeking to impose the resulting trust need only show that the purchase money was paid by him and legal title was taken in another to gain the benefit of the presumption.[2] *Farrah* v. *Farrah,* 187 Conn. 495, 501, 446 A.2d 1075 (1982).

This presumption is one of fact rather than law and may be rebutted. *Fox* v. *Shanley,* supra, 357. Extrinsic evidence may be used to establish that the actual intent of the parties was otherwise; *Cohen* v. *Cohen,* supra; and where "the nominal grantee is a natural

[2] For purposes of our analysis, the plaintiff's taking title with the defendant to the property in the joint estate is the equivalent of an absolute conveyance of real property. See *Cohen* v. *Cohen,* 182 Conn. 193, 202, 438 A.2d 55 (1980).

object of the payor's bounty," the presumption of trust is rebutted, because the law presumes a donative intent. *Farrah* v. *Farrah,* supra, 500. There is no presumption of gift when the transferee is the parent of the payor. See 4A R. Powell & P. Rohan, Powell on Real Property (1991) § 592; 2 Restatement (Second), Trusts § 442, comment (a); 76 Am. Jur. 2d, Trusts § 208.

Thus, the only way in which the defendant in this case could have rebutted the presumption of a resulting trust was by offering evidence that the actual intent of the parties was otherwise.

The existence of a resulting trust is an issue of fact. *Farrah* v. *Farrah,* supra, 501. Intent is also a question of fact to be determined by the trier of fact from the evidence that it finds to be credible. *Lord* v. *Stavrakis,* 6 Conn. App. 161, 162, 503 A.2d 629, cert. denied, 199 Conn. 804, 506 A.2d 146 (1986). "In a case tried before a court, the trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony." *Kimberly-Clark Corporation* v. *Dubno,* 204 Conn. 137, 153, 527 A.2d 679 (1987). "In reviewing the trial judge's factual findings, we give the evidence the most favorable reasonable construction in support of the judgment." *Kelman* v. *McDonald,* 24 Conn. App. 398, 401, 588 A.2d 667 (1991). We may reject a factual conclusion of the trial court only if it is clearly erroneous. Id.

" ' "We do not examine the record to determine whether the trier of fact could have reached a conclusion other than the one reached. Rather, we focus on the conclusion of the trial court, as well as the method by which it arrived at that conclusion to determine whether it is legally correct and factually supported." ' *Lukas* v. *New Haven,* 184 Conn. 205, 208, 439 A.2d 949 (1981)." *Kelman* v. *McDonald,* supra.

It is often stated that " '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Doyle* v. *Kulesza,* 197 Conn. 101, 105, 495 A.2d 1074 (1985). We conclude that such is not the case here.

The trial court expressly found that no specific agreement to convey or to devise the property upon the death of the mother existed at the time of the conveyance. It also specifically found that the plaintiff paid three fourths of the purchase price and the decedent paid one fourth, and that the plaintiff paid the taxes, upkeep, maintenance and other expenses on the property. These findings are amply supported by the record, and are sufficient to raise the presumption of a resulting trust. The trial court could reasonably have found that the defendant failed to sustain his burden of rebutting that presumption.

The trial court's legal and factual conclusions are not clearly erroneous because they are supported by the facts set forth in its memorandum of decision, and the subordinate facts are amply supported by the evidence. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

The defendant's claim that the trial court improperly imposed a resulting trust is without merit.

B

The defendant next asserts that the court improperly imposed a resulting trust on the real property because (1) the plaintiff failed to file a timely claim pursuant to General Statutes § 45-205,[3] and (2) the plain-

[3] General Statutes § 45a-395 (formerly § 45-205) provides in pertinent part: "(a) The court of probate may order the citation of the creditors of the deceased whose estate is in settlement before it to bring in their claims

tiff's attempted purchase of the full interest in the property from the estate was inconsistent with his claim of a resulting trust. We disagree.

The defendant posits that a claim that is addressed to the equitable powers of the court, such as a claim seeking the imposition of a resulting trust, is subject to General Statutes § 45-205, and that failure to present such a claim to the estate within the time period set forth in that statute bars the court from granting equitable relief. The defendant misconstrues both the statute of nonclaim and the equitable doctrine of resulting trust.

" 'In the absence of all evidence of intention, the law presumes a trust, from the natural equity that he who pays the money for property ought to enjoy the beneficial interest." *Fox* v. *Shanley,* supra. The resulting trust does not come into existence because of an agreement between the parties but is one that "ordinarily arises at once, by operation of law, in favor of the one paying the money." *Franke* v. *Franke,* 140 Conn. 133, 138, 98 A.2d 804 (1953). Thus, the resulting trust came into existence at the time of conveyance. *Zack* v. *Guzauskas,* 171 Conn. 98, 101, 368 A.2d 193 (1976). Its enforcement is an equitable action. *Cohen* v. *Cohen,* supra, 203.

The purpose of General Statutes § 45-205 is to consolidate all of a decedent's existing obligations that

against such estate within such time, not more than twelve months nor less than three months, from the date of such order, as it limits, by publishing a notice to that effect in a newspaper having a circulation in the probate district in which such estate is in settlement and by such further notice as the court deems necessary.

"(b) If any creditor fails to exhibit his claim to the fiduciary or his attorney as directed in such order, within the time limited by such order, he shall be barred of his demand against such estate; but, when a right of action accrues after the time limited for the presentation of claims, it shall be exhibited within four months after such right of action accrues and shall be paid out of the estate remaining after the payment of the debts exhibited within the time limited."

must be paid out of the general estate. *Padula* v. *Padula,* 138 Conn. 102, 107, 82 A.2d 362 (1951). The word "claim" as used in the statute "means those obligations which are in the broad sense of the term, debts [and would include] . . . obligations arising out of contract express or implied." *Sherwood* v. *Bridgeport,* 123 Conn. 348, 351, 195 A. 744 (1937).

In this case the plaintiff seeks to recover specific property in the hands of the executor. " 'A claim for specific property in the hands of the [executor] is deemed to be a claim "against the [executor]" but not "against the estate"; for such property, though in the hands of the [executor], is not part of the estate and the claim for it is not a "debt" of the estate.' " *Breen* v. *Phelps,* 186 Conn. 86, 102–103, 439 A.2d 1066 (1982). As such, a claim for the recovery of specific property is not within the statute of nonclaim. *Dennen* v. *Searle,* 149 Conn. 126, 140, 176 A.2d 561 (1961). For this reason the trial court correctly found that the statute of nonclaim was inapplicable to the claim involving the resulting trust. See *McDonald* v. *Hartford Trust Co.,* 104 Conn. 169, 189–90, 132 A. 902 (1926).

The additional issue raised by the defendant, that the plaintiff attempted to purchase the full interest in the property from the estate, has not been briefed by the defendant and is, therefore, considered abandoned. See *State* v. *Parent,* 8 Conn. App. 469, 472, 513 A.2d 725 (1986); *Zimny* v. *Cooper-Jarrett, Inc.,* 8 Conn. App. 407, 432, 513 A.2d 1235, cert. denied, 201 Conn. 811, 516 A.2d 887 (1986).

The trial court correctly decided that the time limits set forth in General Statutes § 45-205 do not apply to the equitable claim of a resulting trust.

## C

We will combine our discussion of the defendant's remaining claims because neither was properly pre-

served. The defendant asserts that the trial court improperly awarded equitable relief to the plaintiff, even though the plaintiff had been removed as a fiduciary of his mother's estate because of a conflict of interest, did not have clean hands, was guilty of laches and failed to specifically request equitable relief as required by the rules of practice. In addition, the defendant asserts that the trial court incorrectly concluded that it could act where the liquidation and sale of the real estate made subject to the resulting trust was necessary to meet probate, tax and administration expenses.

Our review of both the trial court's file and the record on appeal discloses that neither claim was properly raised in the trial court. It is a rule of long standing that in the absence of exceptional circumstances, claims of error not raised distinctly at the trial will not be reviewed on appeal. *Goold* v. *Goold,* 11 Conn. App. 268, 282, 527 A.2d 696, cert. denied, 204 Conn. 810, 528 A.2d 1156 (1987); *Hanson* v. *Department of Income Maintenance,* 10 Conn. App. 14, 18, 521 A.2d 208 (1987). "We have repeatedly held that this court will not consider claimed errors on the part of the trial court unless it appears on the record that the question was distinctly raised at trial and was ruled upon and decided by the court adversely to the appellant's claim." *Keating* v. *Glass Container Corporation,* 197 Conn. 428, 431, 497 A.2d 763 (1985). This enables the judge and opposing counsel to correct possible defects in the trial, obviating the necessity for an appeal. Id. We do not respond to claims based on matters extraneous to the formal record; *Chaplin* v. *Balkus,* 189 Conn. 445, 448, 456 A.2d 286 (1983); nor do we sanction or approve of appeal by ambuscade. See *Frager* v. *Pennsylvania General Ins. Co.,* 161 Conn. 472, 482, 289 A.2d 896 (1971) (*Ryan, J.,* dissenting); see also *Woodstock* v. *Williams,*

1 Conn. App. 505, 508, 473 A.2d 330, cert. denied, 193 Conn. 804, 475 A.2d 1104 (1984).

We decline to review these claims because the defendant failed to raise them before the trial court.

II

THE PLAINTIFF'S CROSS APPEAL

In his cross appeal, the plaintiff posits that the trial court incorrectly concluded that his claims arising out of payments that had been made by him for real estate taxes, insurance, painting, maintenance, utility bills, repair bills and remodeling were barred by General Statutes § 45-205. We disagree.

The purpose of General Statutes § 45-205 is to ensure that an administrator or executor be informed of the claims against the general estate in order to allow him to determine their validity. See *Genovese* v. *J. N. Clapp Co.,* 4 Conn. App. 443, 447, 495 A.2d 1079 (1985). It is designed to enable the fiduciary of the estate to know what claims must be paid out of the general estate. *State* v. *Goldfarb,* 160 Conn. 320, 325, 278 A.2d 818 (1971). As we have previously indicated, the word "claim" as used in the statute refers to those obligations that are, in the broad sense, debts of the decedent and include either express or implied contractual obligations. *Sherwood* v. *Bridgeport,* supra. "A claim which is characterized as an existing obligation of the decedent and would be paid out of the estate as a whole falls within the statute and must be presented." *Breen* v. *Phelps,* supra, 102. All of the financial claims made by the plaintiff are quasi-contractual in nature, and are properly classified as claims of an existing obligation of the decedent that were incurred antemortem. See id., 104. Thus, they are subject to the provisions of General Statutes § 45-205. See id., 106.

"Where made applicable by the entry of a proper order of limitation, the Statute of Nonclaim is an absolute bar to the maintenance of an action on an antemortem claim for money damages, such as the plaintiff's claim in this case, unless the claim has been properly presented." (Footnote omitted.) *Lubas* v. *McCusker,* 153 Conn. 250, 254, 216 A.2d 289 (1965).

The trial court correctly concluded, that because the plaintiff failed to present his claims for money damages to the Probate Court, the claims were barred by General Statutes § 45-205. See *Grant* v. *Grant,* 63 Conn. 530, 546, 29 A. 15 (1893). The cross appeal is without merit.

The judgment is affirmed.

In this opinion the other judges concurred.