## JENNIE T. SCHMALING *v.* SCOTT M. SCHMALING

## SCOTT M. SCHMALING *v.* JENNIE T. SCHMALING ET AL.
## (AC 14649)

O'Connell, C. J., and Schaller and Hennessy, Js.

Argued September 30, 1997—officially released March 10, 1998

*Kenneth J. Bartschi*, with whom was *Karen L. Murdoch*, for the appellant (plaintiff in the first case, named defendant in the second case).

*Ralph L. Palmesi*, with whom was *Christine Donahue*, for the appellee (defendant in the first case, plaintiff in the second case).

*Opinion*

SCHALLER, J. This appeal involves a contractual dispute between the plaintiff, Jennie T. Schmaling, and her son, the defendant Scott M. Schmaling,[1] concerning improvements to real property owned by the plaintiff that were made by the defendant in return for the conveyance of a one-half interest in the property with the parties holding as joint tenants. The two civil actions arising from the dispute were consolidated for trial. In the first case, the plaintiff filed suit against the defendant in a four count complaint claiming breach of contract, fraudulent misrepresentation, detrimental reliance and unjust enrichment. The defendant filed an answer and a two count counterclaim claiming breach of contract and unjust enrichment. In the second case, the defendant filed a complaint seeking a partition by sale of the property with a division of the sale proceeds according to the parties' respective ownership interests. In her answer, the plaintiff admitted the existence of the factual predicates that would entitle the defendant to a partition of the property, but asserted the special defenses of fraud and breach of contract that would preclude the defendant from obtaining a partition. This was construed by the trial court, however, as a stipulation of the parties entitling the defendant to a partition subject to the determination of the validity of the special

---

[1] For purposes of this opinion in the appeal from consolidated cases in which Jennie T. Schmaling (deceased) was the plaintiff in the first case and the named defendant in the second case, and Scott M. Schmaling is the defendant in the first case and the plaintiff in the second case, Jennie T. Schmaling will be referred to as the plaintiff and Scott M. Schmaling will be referred to as the defendant. This is consistent with the attorney trial referee's references to the parties throughout the proceedings. People's Bank was named as a defendant in the second case but did not file an appearance. See footnote 3.

defenses. The consolidated cases were tried to an attorney trial referee pursuant to General Statutes § 52-434 (a) (4) and Practice Book § 430.

The dispositive issue in this appeal by the plaintiff is whether the trial court properly rejected the attorney trial referee's finding of lack of donative intent on the part of the plaintiff when she conveyed an interest in the property to the defendant to enable the parties to obtain mortgage financing. We reverse the trial court's judgment in part.

The attorney trial referee found the following facts. Prior to March 10, 1982, the plaintiff was the sole owner of certain real property located at 5 Idlewild Manor in Greenwich. The plaintiff was a widow and had resided at the property for approximately forty-six years. She owned the property free and clear of any mortgages or material encumbrances. The defendant was planning to marry, and the plaintiff believed that he would need to secure suitable housing for himself and his wife. The plaintiff offered to allow the defendant to add a second floor to the structure of her home to enable him and his wife to live on the property; the defendant did nothing to induce his mother to make such an offer.

To finance the construction of the second floor pursuant to the plaintiff's offer, it was necessary to obtain a mortgage loan. To secure mortgage financing, the parties believed that it was necessary to have the defendant's name on the property as a record owner. As a result, the plaintiff conveyed an undivided one-half interest in the property, via quitclaim deed, to the defendant, with the parties holding title as joint tenants with right of survivorship. The parties obtained a mortgage loan on June 4, 1982, in the amount of $32,000. That loan was subsequently refinanced on February 23, 1983, in the amount of $43,000.

The parties specifically agreed to the following arrangement, although they did not reduce their agreement to writing. The plaintiff was to be responsible for the payment of the following expenses: one half of the real estate taxes, one half of the maintenance of the property, one half of the utilities for the barn (a separate structure on the premises), and the insurance and other expenses associated with the downstairs portion of the property. The defendant was to be responsible for the payment of the following expenses: all mortgage loan payments, the remaining one half of the taxes, maintenance expenses and utilities, and all expenses associated with the upstairs portion of the property. In addition, the defendant was responsible for the construction of the upstairs living quarters, including obtaining all applicable permits and paying for all materials and labor associated with the construction, which funds were to be derived from the proceeds of the mortgage loan.

The defendant completed construction of the second floor living quarters, which substantially increased the overall value of the property. During the construction of the second floor living quarters, the defendant caused $1500 worth of damage to the first floor living quarters. The defendant and his wife moved into the second floor living quarters shortly after the construction was completed. The defendant and his family continued to reside in the second floor premises until March, 1992, when they moved out because the property was not large enough for the defendant, his wife and their four children. The second floor was subsequently rented to third parties at a rent of $1550 per month.

At the time of their original agreement, the parties contemplated that the defendant would perform additional maintenance and improvement to the first floor living quarters occupied by the plaintiff, although they never agreed on the specific nature and scope of such

work. Some time after the second floor living quarters had been constructed, the defendant agreed to extend a first floor room for the plaintiff using the overhang created by the second floor addition. The defendant commenced work on the first floor addition and completed the work necessary to enclose the room. The defendant did not complete the room, however, leaving unfinished the installation of insulation and sheetrock, and electrical work. The defendant provided the funds to construct the first floor addition, and performed most of the work himself.

The defendant made all of the required mortgage payments. In 1985, the plaintiff stopped paying her agreed share of the property taxes and other shared expenses for which she was responsible under the agreement. From that time, the defendant paid both his portion and the plaintiff's share of taxes and expenses due under the agreement. As a result, the defendant paid the following extra amounts on behalf of the plaintiff: $9039.54 in property taxes, $4710.85 for property insurance and $509.14 for electricity supplied to the barn on the property.

The attorney trial referee made the following additional findings and conclusions: (1) the plaintiff failed to prove, by clear and convincing evidence, that the defendant misrepresented his intentions, either intentionally, negligently or recklessly, with respect to the period of time that he would reside at the property or what would happen to his ownership interest in the property should he move out of the second floor residence; (2) there was no evidence of a donative intent in connection with the plaintiff's transfer of the property interest to the defendant; (3) any presumption of donative intent arising from the relationship of the parties was overcome by the agreement of the parties that the sole motivation for transferring the property interest to the defendant was for the purpose of obtaining

financing for the second floor addition; (4) the plaintiff proved monetary damages in the amount of $1500 related to the damage to the first floor caused by the defendant during the construction of the second floor; (5) the defendant proved monetary damages in the amount of $14,259.53 representing the total amount that the defendant paid on behalf of the plaintiff; (6) it would be inequitable to order partition of the property; (7) it would be inequitable to allow the defendant to retain a fee interest in the property; and (8) it would be inequitable to order the defendant to reconvey his interest in the property back to the plaintiff unconditionally, given that the defendant is obligated on the mortgage note, has not been reimbursed for the expenses he paid on behalf of the plaintiff and has not been reimbursed for the excess of the value he put into the property over the reasonable value of his use of the property.

As a result of those findings and conclusions, the attorney trial referee made the following recommendations to the trial court:[2] (1) judgment should enter in favor of the plaintiff on count one (breach of contract) of her complaint in the amount of $1500; (2) judgment should enter in favor of the defendant on counts two (fraudulent misrepresentation) and three (detrimental reliance) of the plaintiff's complaint; (3) judgment should enter in favor of the plaintiff on count four (unjust enrichment) of her complaint, with the court imposing a constructive trust on the defendant's interest in the property, subject to the plaintiff's restitution of the amounts due the defendant, including releasing the defendant from liability on the mortgage loan; (4) consistent with the plaintiff's restitution, judgment should enter in favor of the defendant on count one

---

[2] We note that the attorney trial referee issued his initial report on October 4, 1994. The defendant then filed a motion to correct on October 18, 1994. The referee issued his rulings on the motion to correct and corrected findings on October 30, 1994.

(breach of contract) of his counterclaim in the amount of $14,259.53; and (5) judgment should enter in favor of the plaintiff in the defendant's action against the plaintiff seeking a partition of the property, based on the plaintiff's special defense, which is essentially the ground set forth in count four (unjust enrichment) of the plaintiff's complaint.

On February 28, 1995, the trial court, after reviewing the attorney trial referee's report, issued its memorandum of decision. In its decision, the trial court (1) rejected the attorney trial referee's finding that there was a lack of donative intent on the plaintiff's part in conveying an undivided one-half interest in joint tenancy to the defendant because the law presumes a donative intent where the grantee is a natural object of the grantor's bounty; and (2) rejected the attorney trial referee's conclusion that the defendant was not entitled to a partition of the property because the trial court believed that the referee did not credit the stipulation of the parties as to the defendant's right to partition subject only to the plaintiff's special defenses. Accordingly, the trial court rendered judgment in favor of the plaintiff on count one of her complaint in the amount of $1500, but rendered judgment in favor of the defendant on all the remaining counts of the plaintiff's complaint. The trial court also rendered judgment in favor of the defendant on his counterclaims, awarding him $14,259 under the first counterclaim. In addition, the trial court rendered judgment for the defendant on his complaint and ordered a partition by sale, appointing a committee to sell the property at auction on April 22, 1995. The plaintiff filed a motion to open the judgment and a motion to reargue. There is no indication whether the trial court ruled on the motion to open. The motion to reargue was denied by the trial court. This appeal followed.

On October 23, 1996, during the pendency of this appeal, after briefs had been filed but prior to oral argument, the plaintiff died. Robert B. Schmaling, the executor of the estate of Jennie T. Schmaling, filed a motion to substitute. We granted that motion on March 21, 1997. As a result of the death of the plaintiff during the pendency of this appeal, the issue of the mootness of the appeal became relevant, based on the right of survivorship coincident with the parties holding the property as joint tenants. At our request, the parties filed supplemental briefs to address the mootness question.

The plaintiff appeals from the trial court's judgment in favor of the defendant as to (1) counts two, three and four of the plaintiff's complaint, (2) counts one and two of the defendant's counterclaim, and (3) the defendant's complaint seeking a partition by sale. On appeal, the plaintiff claims that the trial court improperly (1) ruled that donative intent was a question of law to be determined by the trial court, not the attorney trial referee, (2) found the existence of donative intent contrary to the findings of the attorney trial referee, and (3) ordered a partition by sale of the property. In response, the defendant claims that because of the death of the plaintiff during the pendency of this appeal, this appeal is now moot by virtue of the right of survivorship inherent in the joint tenancy property interest. We reverse the judgment in part.

I

The dispositive issue in this appeal is whether the trial court properly rejected the attorney trial referee's finding that the plaintiff did not have donative intent with respect to the conveyance to the defendant of an undivided one-half interest, with right of survivorship, in her property at 5 Idlewild Manor in Greenwich. We hold that the trial court improperly rejected the attorney

trial referee's factual finding that there was no donative intent on the part of the plaintiff.

While mootness ordinarily is a threshold issue implicating the subject matter jurisdiction of the court to hear an appeal, in this case, the mootness issue is intertwined with and dependent on the question of donative intent. Therefore, to decide that the appeal may be moot, based on the right of survivorship coincident with the joint tenancy, begs the question of whether there was donative intent to convey a property interest to the defendant in the first place. Because we conclude that the trial court improperly overruled the attorney trial referee's finding of lack of donative intent, the mootness issue is no longer relevant. Because there was a lack of donative intent on the part of the plaintiff to convey a property interest other than for purposes of obtaining mortgage financing, the legal right of survivorship, on which the defendant's claim of mootness is based, does not exist.

In proceedings involving attorney trial referees, the trial court may not disturb the factual findings made by the referee. *Hassane* v. *Lawrence*, 31 Conn. App. 723, 728, 626 A.2d 1336 (1993). The trial court may not retry the case and find facts contrary to those found by the referee " 'unless a material fact has been found without evidence or the [referee] has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear.' Practice Book § 439; see *Bowman* v. *1477 Central Avenue Apartments, Inc.*, [203 Conn. 246, 256–57, 524 A.2d 610 (1987)]; *Cohn* v. *Hartford*, 130 Conn. 699, 704–705, 37 A.2d 237 (1944). Thus, our review of the substantive merits of the trial court's judgment devolves into two questions: (1) did the court exceed its authority by finding additional facts or rejecting facts found by the referee; and (2) did the court err in applying the

law to the facts found?" *Dills* v. *Enfield*, 210 Conn. 705, 714, 557 A.2d 517 (1989).

The issue of the donative intent of a grantor is an issue of fact. *Whitney* v. *Whitney*, 171 Conn. 23, 33, 368 A.2d 96 (1976); *Lord* v. *Stavrakis*, 6 Conn. App. 161, 162, 503 A.2d 629, cert. denied, 199 Conn. 804, 506 A.2d 146 (1986). "The case at bar presented the question of the plaintiff's intention. Intent is a question of fact, the determination of which is not reviewable unless the conclusion drawn by the trier is one which could not reasonably be drawn. *Meriden Trust & Safe Deposit Co.* v. *Miller*, 88 Conn. 157, 162, 90 A. 228 [1914]; *D. M. Read Co.* v. *American Bank & Trust Co.*, 110 Conn. 461, 462, 148 A. 130 [1930]." *Walter* v. *Home National Bank & Trust Co.*, 148 Conn. 635, 638, 173 A.2d 503 (1961). While it is true that the law presumes a donative intent when the grantee is the natural object of the grantor's bounty, that presumption is rebuttable. *Farrah* v. *Farrah*, 187 Conn. 495, 500, 446 A.2d 1075 (1982); *Cohen* v. *Cohen*, 182 Conn. 193, 201, 438 A.2d 55 (1980); *Saradjian* v. *Saradjian*, 25 Conn. App. 411, 414–15, 595 A.2d 890 (1991).

In this case, the attorney trial referee made specific findings regarding the lack of donative intent by the plaintiff. In addition, he emphasized the importance of this issue to the overall framework of the case by stating: "Ultimately, the undersigned believes the outcome of this case should be determined by what is perceived to be the key fact in the case: the *only* reason for the transfer of the property interest to the defendant was to facilitate the mortgage loan. There was no suggestion that the defendant would not have undertaken the addition without an ownership interest in the property, and no suggestion that there was any discussion, express agreement, or even implied agreement making the transfer an element of consideration being furnished by the plaintiff. . . . The defendant acquired a nominal

title interest, but the intent was to provide no more than a right to use and occupy the premises." (Emphasis in original.)

While the trial court specifically rejected that finding of lack of donative intent, construing it as an issue of law based on the presumption of donative intent existing between mother and son, the attorney trial referee specifically found that the presumption was overcome in this case: "Any presumption of donative intent, arising from the relationship of the parties, was overcome by the agreement of the parties that the sole motivation for the transfer of the interest in the property to the defendant was in connection with financing the addition."

In rejecting the attorney trial referee's factual finding as to donative intent, the trial court summarily found the existence of donative intent without an extended discussion or analysis of the issue, relying solely on the existence of the presumption to justify its holding: "As to the alleged lack of donative intent on the part of the plaintiff, it is clear from the referee's report that she voluntarily placed her property in joint tenancy in order to accomplish a goal that she herself sought, viz., that the defendant and his family live in the same house with her. The law presumes a donative intent where a grantee is the natural object of the grantor's bounty." Since the presumption is one of fact and not law; *Saradjian* v. *Saradjian*, supra, 25 Conn. App. 414–15; we hold that the trial court improperly rejected the attorney trial referee's finding on this issue.

As further support for our holding in this case, *Cohen* v. *Cohen*, supra, 182 Conn. 193, is instructive. In that case, a mother and son held title to a condominium property as joint tenants with right of survivorship. There were two reasons for that ownership arrange-

ment: (1) the mother had received threats on her life from her soon to be ex-husband and was afraid that he would take title to the property if she died, and (2) her son warned her that her husband's creditors could reach property held in only her name, and it was likely that the husband would try to use such property to satisfy his debts. The parties had an agreement that the son would convey his interest back to his mother on her request. After he moved out of the property, the son refused to reconvey and later attempted to assert his ownership interest.

Our Supreme Court affirmed the trial court's decision that a constructive trust should be imposed on the son's interest in the property to prevent the abuse of a confidential relationship between mother and son, and to prevent the resulting unjust enrichment to the son. The court held that the conveyance to the son was based on trust and confidence, and "[w]here that confidence and trust are abused, equity will intervene to remedy the wrong done, although the law would otherwise leave the parties where it finds them." Id.

While the facts of *Cohen* are not completely analogous to those of the present case, there are many similarities that we find pertinent. In both cases, there was a dispute over property held by mother and son as joint tenants with right of survivorship. In both cases, the parties held record title, but the trier of fact concluded that that was not determinative on the basis of a balancing of the equities. In both cases, the trier of fact attempted to prevent unjust enrichment in the hands of one joint tenant through the use of a constructive trust to effectuate the parties' true intentions. We conclude that the present case is substantially similar to the factual and legal posture of *Cohen*, which, therefore, provides further authority for our conclusion.

## II

The plaintiff next claims that the trial court improperly ordered a partition by sale of the subject property. The plaintiff argues that the equities in this case indicate that to order a partition by sale of the property would "offend justice, equity and fairness" because she never intended to relinquish control of her property to the defendant when she executed the deed to him to obtain mortgage financing. Because of our conclusion that the trial court improperly rejected the attorney trial referee's finding of lack of donative intent, we agree with the plaintiff. In addition, we conclude that the trial court improperly relied on the stipulation of the parties that the defendant was entitled to a partition subject to resolution of the plaintiff's special defenses. We address each of those arguments in turn.

"A partition by sale, although a creature of statute, is an equitable action. *Gaer Bros., Inc.* v. *Mott,* 147 Conn. 411, 415, 161 A.2d 782 (1960). Section 52-500 (a) permits a court, 'upon the complaint of any person interested, [to] order the sale of any property, real or personal, owned by two or more persons, when, in the opinion of the court, a sale will better promote the interests of the owners.' See also *Borzencki* v. *Estate of Stakum,* 195 Conn. 368, 372, 489 A.2d 341 (1985). The standard for reviewing the defendant's claim is whether the court abused its discretion in ordering a partition by sale. See *LaCroix* v. *LaCroix,* 189 Conn. 685, 689–90, 457 A.2d 1076 (1983). In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. *DiPalma* v. *Weisen,* 163 Conn. 293, 298–99, 303 A.2d 709 (1972)." *Geib* v. *McKinney,* 224 Conn. 219, 228–29, 617 A.2d 1377 (1992).

In this case, the trial court abused its discretion because its decision to order a partition by sale was

based, in part, on its erroneous conclusion that there was a donative intent on the part of the plaintiff. Since the plaintiff never intended the defendant to have an actual legal property interest, but rather executed the deed merely to facilitate mortgage financing, it would be illogical to allow the defendant to force a sale of the property.

In addition, our conclusion is supported by a balancing of the equities in the case. While the defendant has legitimate claims concerning amounts due him under the agreement, and his ongoing liability under the mortgage note, it would be inequitable to allow him to be unjustly enriched at the plaintiff's expense through the mechanism of a partition by sale. It seems highly inequitable, on this record, to allow the defendant to partition the property merely because he has suffered monetary damages, particularly because the plaintiff never had the donative intent to convey an actual property interest to the defendant.

The trial court further based its decision on the stipulation of the parties that the defendant was entitled to a partition subject only to the plaintiff's special defenses of fraud and breach of contract, which the attorney trial referee found in favor of the defendant. A review of the record reveals that this stipulation was not a conventional stipulation. It related to the plaintiff's answer to the defendant's complaint seeking a partition by sale and admitted only the factual predicates that the defendant alleged in the first three paragraphs of his complaint, the existence of which constituted a prima facie case entitling the defendant to the remedy of partition.

The factual allegations admitted by the plaintiff were that the parties were owners of the described real estate, holding record title derived from the deed executed by the plaintiff, and that the property was encumbered by a mortgage in the amount of $43,000. While

the plaintiff admitted the existence of those facts and asserted the special defenses of fraud and breach of contract, she sought the reconveyance of her property during the entire pendency of the litigation. That was exhibited in count four of her complaint alleging unjust enrichment, for which she sought a reconveyance. In addition, the plaintiff litigated the issue of donative intent throughout the trial when questioning witnesses and during closing arguments to the court. Therefore, while the admission of facts entitling the defendant to a partition was labeled a stipulation by both the attorney trial referee and the trial court, we conclude that it was improper to credit such an admission as a basis for an order to partition the property because the parties unquestionably litigated that issue during the trial.

In addition, the attorney trial referee found specifically in favor of the plaintiff on her special defenses to the partition by sale complaint because it would unjustly enrich the defendant at the plaintiff's expense. In his recommendation to the trial court, the attorney trial referee stated that in the defendant's action against the plaintiff seeking a partition by sale, judgment should enter for the plaintiff based on her special defenses. While the attorney trial referee found an absence of fraud by the defendant, he did credit the equitable argument contained in the plaintiff's special defense, stating that the special defense was "essentially the grounds set forth in the fourth count of the plaintiff's own complaint unjust enrichment." The trial court improperly ignored that recommendation, stating only that "the referee specifically rejected" the plaintiff's special defenses of fraud and breach of contract. Our review of the record indicates the contrary. The referee specifically found the equitable argument portion of the special defense was valid. Therefore, the trial court improperly concluded that the defendant was entitled to a partition by sale.

## III

The defendant claims that this appeal is now moot on the basis of the right of survivorship coincident with the joint tenancy. Because the plaintiff died during the pendency of this appeal, the defendant claims that this appeal is now moot because title to the property passed completely to him by operation of law upon the plaintiff's death. Therefore, the defendant claims that we cannot provide relief to the substituted plaintiff because the plaintiff has no property interest. Because of our holding on the donative intent issue, that claim is without merit.

As a result of the lack of donative intent on the part of the plaintiff, the defendant held only nominal title, not legal title, to the property in question. Therefore, he is not a true joint tenant with the right of survivorship. Since there was no right of survivorship coincident with a joint tenancy, this appeal is not moot as the defendant claims. Upon the death of the plaintiff, the property passed to her estate, subject to the trial court's imposition of a constructive trust on the defendant's portion, and did not pass to the defendant by operation of law. Accordingly, this appeal is not moot because the estate has an interest in the property that will be affected by the disposition of this appeal.

## IV

On the basis of our holding that the trial court improperly rejected the attorney trial referee's finding of a lack of donative intent by the plaintiff, we also agree with the attorney trial referee that a constructive trust should be imposed on the defendant's interest in the property, subject to payments of the amounts due the defendant and the satisfactory protection of the defendant from future liability on the mortgage. Accordingly, we remand the case to the trial court to render judgment

in accordance with the attorney trial referee's report and recommendations.

"Although it is well settled that, in general, real property absolutely conveyed cannot be shown to be subject to an express trust created by parol agreement; General Statutes § 52-550; *Hieble* v. *Hieble*, 164 Conn. 56, 59, 316 A.2d 777 (1972); *Worobey* v. *Sibieth*, 136 Conn. 352, 355, 71 A.2d 80 (1949); exceptions to this rule have been recognized where an injustice, sufficient to raise an equitable trust, would otherwise result. . . . In such cases, a trust does not arise so much by reason of the parol agreement of the parties but by operation of law. . . . In *Beatty* v. *Guggenheim Exploration Co.*, 225 N.Y. 380, 386, 122 N.E. 378 (1919), Judge Cardozo wrote: 'A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a [trustee . . . . ]' See 5 [A. Scott], Trusts [(3d Ed. 1967)] § 462, p. 3,413. The imposition of a constructive trust by equity is a remedial device designed to prevent unjust enrichment. . . . Thus, a constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it. . . . One holding title to property upon which a constructive trust is imposed is not compelled to reconvey the property because he is a constructive trustee; it is because he can be compelled to convey title to the property that he is a constructive trustee." (Citations omitted.) *Cohen* v. *Cohen*, supra, 182 Conn. 202–203.

This case seems particularly suited to the imposition of a constructive trust, as the attorney trial referee recommended. To allow the defendant to retain a property interest in 5 Idlewild Manor in Greenwich would

unjustly enrich him at the plaintiff's expense. Similarly, to order a reconveyance to the plaintiff at this time would unjustly enrich the plaintiff at the defendant's expense for the monetary damages he has suffered and for his continuing liability on the mortgage note. Therefore, we order the case remanded to the trial court to render judgment according to the attorney trial referee's recommendations and to execute the suggested remedial measures contained therein. Once the plaintiff has reimbursed the defendant for his damages, and the defendant has been satisfactorily protected from future liability under the mortgage note, the property may then be reconveyed absolutely to the plaintiff.[3] Protection of the defendant from liability under the mortgage may include, but not be limited to, the payment of the outstanding balance due on the mortgage note by the plaintiff, or the execution of an indemnity agreement whereby the plaintiff agrees to hold the defendant harmless from any future liability under the mortgage. We leave it to the trial court's discretion to fashion an order that satisfactorily protects the defendant from liability on the mortgage.

The judgment is reversed in part and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

[3] We note that the mortgagee, People's Bank, has not filed an appearance in this action despite being a named defendant in the defendant's action seeking a partition. The attorney trial referee recommended that People's Bank be defaulted in this action.