[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Dennis Hackbarth and Arlene Hackbarth, are two of three trustees of the Hackbarth Family Trust who obtained a temporary injunction on March 16, 1998, compelling the third trustee, the defendant, Robert Hackbarth, to comply with an exclusive use agreement. These three trustees are children of Herman Hackbarth, the settlor, and represent the families of his four children. (Son Clifford Hackbarth has predeceased the settlor.) The case concerns the shared use of a summer cottage in Indian Cove in Guilford, Connecticut.
The plaintiffs allege that because all the beneficiaries have "full and unrestricted access to the cottage at all times during the peak summer months of July and August," there is a serious problem of overcrowding, lack of privacy and quite enjoyment of the cottage. There are between 19 and 24 beneficiaries (the parties' briefs provide different numbers) who may bring guests and show up unannounced at any time. As a result, the trustees, through a majority vote as directed by the trust agreement, passed an exclusive use agreement in 1995, whereby each of the four families have exclusive access to the cottage for two weeks out of July and August. The plaintiffs further assert that the defendant disregarded the agreement and continued to show up unannourced during another family's time, leading the plaintiffs to seek injunctive relief. They served a writ of summons and complaint on the defendant on February 26, 1998 and the defendant filed an answer on March 20, 1998. Oral arguments on the motion for summary judgment were heard on July 20, 1998.
The defendant has properly submitted a memorandum of law in support of his summary judgment motion, an affidavit and five exhibits. The plaintiffs have filed both a memorandum in opposition to the defendants motion for summary judgment and a cross-motion for summary judgment. The plaintiff's memorandum is supported by the affidavit of Arlene Hackbarth, a copy of the trust and an excerpt from the temporary injunction hearing.
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Maffucci v. RoyalPark Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 5 (1998). CT Page 12456 "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 381, ___ A.2d ___ (1998). The "party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd., supra, 554.
"A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case. . . . The test [for granting summary judgment] is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990).
The defendant moves for summary judgment arguing that there is no genuine issue of material fact and as a matter of law anyone one of his defenses bars the plaintiffs' entire cause of action. In terms of the exclusive use agreement, the defendant contends that by defining the Hackbarth Family in Article III, Section B, as "the settlor, his spouse, the Settlor's issue and their legal heirs," the trust gives "each beneficiary . . . an equal right to use the property." The defendant next asserts that the trust beneficiaries are indispensable parties to this case and must be brought in to make the exclusive use agreement enforceable. The defendant further argues that the plaintiffs have no factual basis of support for the exclusive use agreement and that they also have a "heavy burden in proving . . . that they are acting in the best interests of the beneficiaries by adopting the exclusive use arrangement."
The plaintiffs counter that the trust expressly gives the majority of the trustees the authority to institute and enforce the exclusive use agreement. In their cross-motion for summary judgment, the plaintiffs argue that there is no genuine issue of material fact in dispute and the conflicting reasons for passing the exclusive use agreement are irrelevant, because they have been given the legal authority from the trust. Lastly, the plaintiffs contend that they provided notice of the claim to the beneficiaries, but are not obligated to bring them in as necessary parties. In sum, the plaintiffs argue that the CT Page 12457 "defendant does not have any legally sufficient defense that will bar the plaintiffs action."
"The mere filing of cross motions for summary judgment does not establish that there is no issue of material fact, or obligate the trial court to render summary judgment, but the trial court must independently determine whether there exists a genuine issue of material fact." 73 Am.Jur.2d, Summary Judgment § 30 (1981). The courts in Connecticut have followed this procedure, denying both the motion and cross-motion for summary judgment in the same case. Gagne v. Vaccaro, Superior Court, judicial district of New Haven, Docket No. 372611 (April 8, 1997,Licari, J.) (19 Conn. L. Rptr. 143).
"The issue of the donative intent of a grantor is an issue of fact." Schmaling v. Schmaling, 48 Conn. App. 1, 11,707 A.2d 339, cert. denied, 244 Conn. 929, ___ A.2d ___ (1998). The Connecticut Supreme Court noted that "a fundamental [tenet] for the construction of a . . . trust is to ascertain, within the bounds of the law, the intent of the testator, grantor or settlor." (Internal quotation marks omitted.) Tremaine v.Tremaine, 235 Conn. 45, 61, 663 A.2d 387 1995). Accordingly, "the trial courts interpretation . . . being a determination of the parties' intent, is a question of fact. . . ." Id., 57. Moreover, "[the issue of the settlor's intent to create a trust is a question of fact for the trial court." Gay v. Gay, Superior Court, judicial district of Waterbury, Docket No. 113426 (September 22, 1998, Sullivan, J.); see also Hartford-ConnecticutTrust Co. v. Slater, 114 Conn. 603, 612, 159 A. 578 (1932) ("A question of intent is a question of fact."). Therefore, there is a material issue of fact as to whether the settlor, Herman Hackbarth, intended to give the trustees the power to institute an exclusive use agreement over use of the Guilford summer cottage.
The beneficiaries do not need to be joined as necessary parties because General Statutes § 52-106 provides that "[a]n executor, administrator, or trustee of an express trust may sue or be sued without joining the persons represented by him and beneficially interested in the action." Accordingly, the defendants claim that the trust beneficiaries are indispensable parties is without merit. In addition, the defendant may be sued as a trustee. See also Chase Manhattan Bank v. Commissioner ofRevenue Service, 45 Conn. Sup. 368, 387, ___ A.2d ___ (1997) ("Connecticut recognizes that beneficiaries, in that they are CT Page 12458 represented by the trustees, may not be necessary parties to litigation relating to the trust.").
The issue of whether there is a factual basis to support the plaintiffs' claim of overcrowding in the cottage and disagreements between the beneficiaries is a question of fact not properly decided by a motion for summary judgment. Both parties have submitted competing affidavits, thereby raising genuine issues of material fact.
It is also a question of fact as to whether the plaintiffs were acting in the best interest of the beneficiaries, regardless of who has the burden of proof, thus creating a genuine issue of material fact. See 90 C.J.S. 241 n. 33, Trusts § 247 (1998).
Because there is a genuine issue of material fact as to the settlor's intent, the defendant's motion for summary judgment and the plaintiff's cross-motion for summary judgment are denied.
Howard F. Zoarski Judge Trial Referee