[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PREJUDGMENT REMEDY
The standard to be applied in a prejudgment remedy hearing are sometimes difficult to apply. Certain general rules apply. At such a hearing, the court must make an assessment of the legal issues and the credibility of witnesses. Greenberg, Rhein Margolis, Inc. v.Norris-Faye Horton Enterprises, Inc., 218 Conn. 162, 166 (1991). But no full scale trial on the merits is to be held and the plaintiff does not have to establish he will prevail, only that there is probable cause to sustain the validity of the claim — the court weighs probabilities. Fischer v. TKPK Ltd., 33 Conn. App. 22, 24 (1994). The basic conflict in the testimony concerned whether the monies transferred to the daughter were meant as a gift or a loan — there was no dispute that the father had money transferred to the daughter. The law does presume a denotive intent when the grantee is the natural object of the grantor's bounty. Schmaling v. Schmaling, 48 Conn. App. 1, 11
(1998). A child would fall into that definition when the gift is from the parent. But this presumption is an issue of fact and is rebuttable. Id., p. 11. The parties here had completely opposing views as to the nature of the transaction. For the purposes of this hearing the court does find there is probable cause to sustain the plaintiffs claim that a loan, not a gift, was intended. If a gift were intended, it is somewhat difficult to understand why the daughter made interest payments to Dean Whitter which had given the daughter $143,000 based on a marginal loan on the father's account. No understandable explanation was offered for these interest payments if what was involved was a gift. Also, her own description of her father belies any notion that he would have given the defendant a gift and not a loan.
A fairly sizable sum of money was involved and the court was not presented with any information about the father's financial status at the time of the transfer which might have been of some help in determining whether even given the father — daughter relationship, the father would have been likely to have made a gift to the daughter instead of a loan.
The next issue that must be addressed is the appropriate amount of the attachment sought. The whole point of this procedure is to prevent the dissipation of assets by a defendant pending litigation and this must be balanced against a defendant's right to not have their property unreasonably burdened. CT Page 5562
The court finds that the marginal loan from Dean Whitter for the daughter's benefit was $143,000 and further concludes that the father reimbursed Dean Whitter for the loan out of his account. Dean Whitter charged the father 9% interest and the father testified that he seeks this rate of interest for a 24 month period, which would make the claim $168,000. But the application itself asks for $180,000 as an attachment and the legal rate of interest is 12%.
The court further concludes that there should be an attachment placed on the Montauk Avenue, the Fuller Street and the Bayonet Street properties. There appears to be enough equity in these properties to protect the plaintiffs basic claim and also to cover interest on the monies that might be found to be owing to the plaintiff. The court does not feel an attachment on the Waterford property should be granted so that attachment on that property is denied.
___________________ Corradino, J.